# Exhibit 7



Title 21
1969



Case 1:06-cv-00230-RMC Document 13-9 Filed 01/25/2007 Page 3 of 17

ement concerning a
n drug may be dis-
ior approval by the
ninistration if:
the Food and Drug
eceived information
idely publicized in
hat the use of the
talities or serious

oner (or in his ab-
cting as Commis-
ting the reliability
, has notified the
rmation must be a
nents for the drug;

has failed within a
specified in such
t to the Food and
a program, ade-
nature of the in-
ing that such in-
ublicized promptly
he medical profes-
dvertisements.

finds that the pro-
being followed, he
for that prior ap-
ments for the par-
required. Nothing
to be construed as
ioner's or the Sec-
uthorized by law,
suspend any new-
decertify any arti-
nd any regulatory

nable time after in-
the possibility that
talities or serious
dely publicized in
he Food and Drug
notify the sponsor
hat prior approval
r the drug is no

of an advertisement
th this paragraph
an act that causes
nded under section

nent may be sub-
nd Drug Adminis-
ation for comment.
notified that the
ent is not in viola-
bsequent time, the
nistration changes
ertiser will be so
given a reasonable

time for correction before any regulatory action is taken under this section. Notification to the advertiser that a proposed advertisement is or is not considered to be in violation shall be in written form.

(k) An advertisement issued or caused to be issued by the manufacturer, packer, or distributor of the drug promoted by the advertisement and which is not in compliance with section 502(n) of the act and the applicable regulations thereunder shall cause stocks of such drug in possession of the person responsible for issuing or causing the issuance of the advertisement, and stocks of the drug distributed by such person and still in the channels of commerce, to be misbranded under section 502(n) of the act.

(l) (1) Advertisements subject to section 502(n) of the act include advertisements in published journals, magazines, other periodicals, and newspapers, and advertisements broadcast through media such as radio, television, and telephone communication systems.

(2) Brochures, booklets, mailing pieces, detailing pieces, file cards, bulletins, calendars, price lists, catalogs, house organs, letters, motion picture films, film strips, lantern slides, sound recordings, exhibits, literature, and reprints and similar pieces of printed, audio, or visual matter descriptive of a drug and references published (for example, the "Physicians Desk Reference") for use by medical practitioners, pharmacists, or nurses, containing drug information supplied by the manufacturer, packer, or distributor of the drug and which are disseminated by or on behalf of its manufacturer, packer, or distributor are hereby determined to be labeling as defined in section 201(m) of the act.

(Sec. 502 (e), (n), 52 Stat. 1050, 1051; 21 U.S.C. 352) [28 F.R. 6376, June 20, 1963, as amended at 28 F.R. 10994, Oct. 15, 1963; 33 F.R. 3217, Feb. 21, 1968; 33 F.R. 9393, June 27, 1968; 33 F.R. 11991, Aug. 23, 1968]

Cross-Reference: See § 1.108 for the Spanish-language version of the required labeling statement in § 1.106 (b)(2)(i), (c)(2)(i), (d)(2)(i), (k)(2)(ii), and (l).

## § 1.106 Drugs and devices: directions for use.

(a) *Adequate directions for use.* "Adequate directions for use" means directions under which the layman can use a drug or device safely and for the purposes for which it is intended. Directions for use may be inadequate because (among other reasons) of omission, in whole or in part, or incorrect specification of:

(1) Statements of all conditions, purposes, or uses for which such drug or device is intended, including conditions, purposes, or uses for which it is prescribed, recommended, or suggested in its oral, written, printed, or graphic advertising, and conditions, purposes, or uses for which the drug or device is commonly used; except that such statements shall not refer to conditions, uses, or purposes for which the drug or device can be safely used only under the supervision of a practitioner licensed by law and for which it is advertised solely to such practitioner.

(2) Quantity of dose (including usual quantities for each of the uses for which it is intended and usual quantities for persons of different ages and different physical conditions).

(3) Frequency of administration or application.

(4) Duration of administration or application.

(5) Time of administration or application (in relation to time of meals, time of onset of symptoms, or other time factors).

(6) Route or method of administration or application.

(7) Preparation for use (shaking, dilution, adjustment of temperature, or other manipulation or process).

(b) *Exemption for prescription drugs.* A drug subject to the requirements of section 503 (b) (1) of the act shall be exempt from section 502 (f) (1) if all the following conditions are met:

(1) The drug is:

(i) (*a*) In the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale distribution of prescription drugs; or

(*b*) In the possession of a retail, hospital, or clinic pharmacy, or a public health agency, regularly and lawfully engaged in dispensing prescription drugs; or

(*c*) In the possession of a practitioner licensed by law to administer or prescribe such drugs; and

(ii) It is to be dispensed in accordance with section 503(b).

(2) The label of the drug bears:

(i) The statement "Caution: Federal law prohibits dispensing without prescription"; and

(ii) The recommended or usual dosage; and

(iii) The route of administration, if it is not for oral use; and

(iv) The quantity or proportion of each active ingredient, as well as the information required by section 502 (d) and (e); and

(v) If it is for other than oral use, the names of all inactive ingredients, except that:

(*a*) Flavorings and perfumes may be designated as such without naming their components.

(*b*) Color additives may be designated as coloring without naming specific color components unless the naming of such components is required by a color additive regulation prescribed in Part 8 of this chapter.

(*c*) Trace amounts of harmless substances added solely for individual product identification need not be named If it is intended for administration by parenteral injection, the quantity or proportion of all inactive ingredients, except that ingredients added to adjust the pH or to make the drug isotonic may be declared by name and a statement of their effect; and if the vehicle is water for injection it need not be named.

(vi) An identifying lot or control number from which it is possible to determine the complete manufacturing history of the package of the drug;

*Provided, however*, That in the case of containers too small or otherwise unable to accommodate a label with sufficient space to bear all such information, but which are packaged within an outer container from which they are removed for dispensing or use, the information required by subdivisions (ii), (iii) and (v) of this subparagraph may be contained in other labeling on or within the package from which it is to be dispensed, and the information referred to in subdivision (i) of this subparagraph may be placed on such outer container only, and the information required by subdivision (vi) of this subparagraph may be on the crimp of the dispensing tube.

(3) (i) Labeling on or within the package from which the drug is to be dispensed bears adequate information for its use, including indications, effects, dosages, routes, methods, and frequency and duration of administration, and any relevant hazards, contraindications, side effects, and precautions under which practitioners licensed by law to administer the drug can use the drug safely and for the purposes for which it is intended, including all purposes for which it is advertised or represented; and

(ii) If the article is subject to section 505, 506, or 507 of the act, the labeling bearing such information is the labeling authorized by the approved new-drug application or required as a condition for the certification or the exemption from certification requirements applicable to preparations of insulin or antibiotic drugs: *Provided, however*, That the information required by subdivision (i) of this subparagraph may be omitted from the dispensing package if, but only if, the article is a drug for which directions, hazards, warnings, and use information are commonly known to practitioners licensed by law to administer the drug. Upon written request, stating reasonable grounds therefor, the Commissioner will offer an opinion on a proposal to omit such information from the dispensing package under this proviso.

(4) Any labeling, as defined in section 201(m) of the act, whether or not it is on or within a package from which the drug is to be dispensed, distributed by or on behalf of the manufacturer, packer, or distributor of the drug, that furnishes or purports to furnish information for use or which prescribes, recommends, or suggests a dosage for the use of the drug (other than dose information required by subparagraph (2) (ii) of this paragraph and paragraph (c) (2) (ii) of this section) contains:

(i) Adequate information for such use, including indications, effects, dosages, routes, methods, and frequency and duration of administration and any relevant warnings, hazards, contraindications, side effects, and precautions, under which practitioners licensed by law to administer the drug can use the drug safely and for the purposes for which it is intended, including all conditions for which it is advertised or represented: and if the article is subject to section 505 or 507 of the act, the parts of the labeling providing such information are the same in language and emphasis as labeling approved or permitted under the provisions of section 505 or 507, respectively, and any other parts of the labeling are consistent with and not contrary to such approved or permitted labeling: and

(ii) The same information concerning the ingredients of the drug as appears on the label and labeling on or within

rug safely and
it is intended,
: which it is
and
ect to section
, the labeling
s the labeling
new-drug ap-
condition for
mption from
applicable to
or antibiotic
That the in-
bdivision (i)
r be omitted
e if, but only
which direc-
nd use infor-
vn to practi-
lminister the
, stating rea-
the Commis-
on a proposal
rom the dis-
proviso.
ed in section
or not it is
m which the
stributed by
anufacturer,
e drug, that
rnish infor-
escribes, rec-
sage for the
dose infor-
raph (2)(ii)
graph (c)(2)
s:
for such use,
ets, dosages,
quency and
and any rel-
ontraindica-
ations, under
d by law to
use the drug
for which it
onditions for
esented: and
ection 505 or
the labeling
are the same
labeling ap-
he provisions
ectively, and
ing are con-
ary to such
eling: and
n concerning
as appears
on or within

the package from which the drug is to be dispensed:

*Provided, however,* That the information required by subdivisions (i) and (ii) of this subparagraph is not required on the so-called reminder-piece labeling which calls attention to the name of the drug but does not include indications or dosage recommendations for use of the drug.

(5) All labeling, except labels and cartons, bearing information for use of the drug also bears the date of the issuance or the date of the latest revision of such labeling.

(c) *Exemption for veterinary drugs.* A drug intended for veterinary use which, because of toxicity or other potentiality for harmful effect, or the method of its use, is not safe for animal use except under the supervision of a licensed veterinarian, and hence for which "adequate directions for use" cannot be prepared, shall be exempt from section 502(f)(1) of the act if all the following conditions are met:

(1) The drug is:

(i) In the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale or retail distribution of veterinary drugs and is to be sold only to or on the prescription or other order of a licensed veterinarian for use in the course of his professional practice or

(ii) In the possession of a licensed veterinarian for use in the course of his professional practice.

(2) The label of the drug bears:

(i) The statement "Caution: Federal law restricts this drug to sale by or on the order of a licensed veterinarian"; and

(ii) The recommended or usual dosage; and

(iii) The route of administration, if it is not for oral use; and

(iv) The quantity or proportion of each active ingredient as well as the information required by section 502(e) of the act; and

(v) If it is for other than oral use, the names of all inactive ingredients, except that:

(*a*) Flavorings and perfumes may be designated as such without naming their components.

(*b*) Color additives may be designated as coloring without naming specific color components unless the naming of such components is required by a color additive regulation prescribed in Part 8 of this chapter.

(*c*) Trace amounts of harmless substances added solely for individual product identification need not be named.

If it is intended for administration by parenteral injection, the quantity or proportion of all inactive ingredients, except that ingredients added to adjust the pH or to make the drug isotonic may be declared by name and a statement of their effect; and if the vehicle is water for injection, it need not be named.

(vi) An identifying lot or control number from which it is possible to determine the complete manufacturing history of the package of the drug;

*Provided, however,* That in the case of containers too small or otherwise unable to accommodate a label with sufficient space to bear all such information, but which are packaged within an outer container from which they are removed for dispensing or use, the information required by subdivisions (ii), (iii), and (v) of this subparagraph may be contained in other labeling on or within the package from which it is to be so dispensed, and the information referred to in subdivision (i) of this subparagraph may be placed on such outer container only, and the information required by subdivision (vi) of this subparagraph may be on the crimp of the dispensing tube.

(3)(i) Labeling on or within the package from which the drug is to be dispensed bears adequate information for its use, including indications, effects, dosages, routes, methods, and frequency and duration of administration, and any relevant hazards, contraindications, side effects, and precautions under which veterinarians licensed by law to administer the drug can use the drug safely and for the purposes for which it is intended, including all purposes for which it is advertised or represented; and

(ii) If the article is subject to section 505 or 507 of the act, the labeling bearing such information is the labeling authorized by the approved new-drug application or required as a condition for the certification or the exemption from certification requirements applicable to preparations of antibiotic drugs: *Provided, however,* That the information required by subdivision (i) of this subparagraph may be omitted from the

dispensing package if, but only if, the article is a drug for which directions, hazards, warnings, and use information are commonly known to veterinarians licensed by law to administer the drug. Upon written request, stating reasonable grounds therefor, the Commissioner will offer an opinion on a proposal to omit such information from the dispensing package under this proviso.

(4) Any labeling, as defined in section 201(m) of the act, whether or not it is on or within a package from which the drug is to be dispensed, distributed by or on behalf of the manufacturer, packer, or distributor of the drug, that furnishes or purports to furnish information for use or which prescribes, recommends, or suggests a dosage for the use of the drug (other than dose information required by paragraph (b)(2)(ii) of this section and subparagraph (2)(ii) of this paragraph) contains:

(i) Adequate information for such use, including indications, effects, dosages, routes, methods, and frequency and duration of administration, and any relevant warnings, hazards, contraindications, side effects, and precautions, and including information relevant to compliance with the food additive provisions of the act, under which veterinarians licensed by law to administer the drug can use the drug safely and for the purposes for which it is intended, including all conditions for which it is advertised or represented; and if the article is subject to section 505 or 507 of the act, the parts of the labeling providing such information are the same in language and emphasis as labeling approved or permitted under the provisions of section 505 or 507, respectively, and any other parts of the labeling are consistent with and not contrary to such approved or permitted labeling; and

(ii) The same information concerning the ingredients of the drug as appears on the label and labeling on or within the package from which the drug is to be dispensed;

*Provided, however,* That the information required by subdivisions (i) and (ii) of this subparagraph is not required on the so-called reminder-piece labeling which calls attention to the name of the drug but does not include indications or dosage recommendations for use of the drug.

(5) All labeling, except labels and cartons, bearing information for use of the drug also bears the date of the issuance or the date of the latest revision of such labeling.

(6) A prescription drug intended for both human and veterinary use shall comply with paragraph (b) of this section and subparagraphs (4) and (5) of this paragraph.

(d) *Exemption for prescription devices.* A device which, because of any potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use is not safe except under the supervision of a practitioner licensed by law to direct the use of such device, and hence for which "adequate directions for use" cannot be prepared, shall be exempt from section 502(f)(1) of the act if all the following conditions are met:

(1) The device is:

(i)(*a*) In the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale or retail distribution of such device; or

(*b*) In the possession of a practitioner, such as physicians, dentists, and veterinarians, licensed by law to use or order the use of such device; and

(ii) Is to be sold only to or on the prescription or other order of such practitioner for use in the course of his professional practice.

(2) The label of the device (other than surgical instruments) bears:

(i) The statement "Caution: Federal law restricts this device to sale by or on the order of a ____________," the blank to be filled with the word "physician," "dentist," "veterinarian," or with the descriptive designation of any other practitioner licensed by the law of the State in which he practices to use or order the use of the device; and

(ii) The method of its application or use.

(3) Labeling on or within the package from which the device is to be dispensed bears information for use, including indications, effects, routes, methods, and frequency and duration of administration, and any relevant hazards, contraindications, side effects, and precautions under which practitioners licensed by law to administer the device can use the device safely and for the purpose for which it is intended, including all purposes for which it is advertised or represented: *Provided, however,* That such information may be omitted from the dispensing package if, but only if,

latest revision

ꞔ intended for
ıary use shall
ɔ) of this sec-
4) and (5) of

ɜscription de-
ecause of any
effect, or the
ıllateral meas-
ɘ is not safe
ɔn of a practi-
rect the use of
r which "ade-
annot be pre-
m section 502
the following

ı of a person
ɘes) regularly
:he manufac-
ge, or whole-
f such device;

ı practitioner,
s, and veteri-
ı use or order

to or on the
of such prac-
se of his pro-

ːe (other than
's:
tion: Federal
sale by or on
_," the blank
"physician,"
or with the
: any other
e law of the
es to use or
·; and
pplication or

ı the package
be dispensed
including in-
nethods, and
administra-
'ds, contrain-
! precautions
licensed by
vice can use
the purpose
including all
ɪdvertised or
wever, That
ɔmitted from
but only if,

the article is a device for which directions, hazards, warnings, and other information are commonly known to practitioners licensed by law to use the device. Upon written request, stating reasonable grounds therefor, the Commissioner will offer an opinion on a proposal to omit such information from the dispensing package under this proviso.

(4) Any labeling, as defined in section 201(m) of the act, whether or not it is on or within a package from which the device is to be dispensed, distributed by or on behalf of the manufacturer, packer, or distributor of the device, that furnishes or purports to furnish information for use of the device contains adequate information for such use, including indications, effects, routes, methods, and frequency and duration of administration and any relevant hazards, contraindications, side effects, and precautions, under which practitioners licensed by law to employ the device can use the device safely and for the purposes for which it is intended, including all purposes for which it is advertised or represented. This information will not be required on so-called reminder-piece labeling which calls attention to the name of the device but does not include indications or other use information.

(5) All labeling, except labels and cartons, bearing information for use of the device also bears the date of the issuance or the date of the latest revision of such labeling.

(e) [Reserved]

(f) *Retail exemption for veterinary drugs and prescription devices.* A drug or device subject to paragraph (c) or (d) of this section shall be exempt at the time of delivery to the ultimate purchaser or user from section 502(f)(1) of the act if it is delivered by a licensed practitioner in the course of his professional practice or upon a prescription or other order lawfully issued in the course of his professional practice, with labeling bearing the name and address of such licensed practitioner and the directions for use and cautionary statements, if any, contained in such order.

(g) *Exemption for new drugs.* A new drug shall be exempt from section 502 (f) (1) of the act:

(1) To the extent to which such exemption is claimed in an approved application with respect to such drug under section 505 of the act; or

(2) If no application under section 505 of the act is approved with respect to such drug but it complies with section 505 (i) and regulations thereunder.

No exemption shall apply to any other drug which would be a new drug if its labeling bore representations for its intended uses.

(h) *Exemption for drugs or devices when directions are commonly known.* A drug or device shall be exempt from section 502 (f) (1) of the act insofar as adequate directions for common uses thereof are known to the ordinary individual.

(i) *Exemptions for inactive ingredients.* A harmless drug that is ordinarily used as an inactive ingredient, such as a coloring, emulsifier, excipient, flavoring, lubricant, preservative, or solvent, in the preparation of other drugs shall be exempt from section 502 (f) (1) of the act. This exemption shall not apply to any substance intended for a use which results in the preparation of a new drug, unless an approved new-drug application provides for such use.

(j) *Exemption for diagnostic reagents.* A drug intended solely for use in the professional diagnosis of disease and which is generally recognized by qualified experts as useful for that purpose shall be exempt from section 502 (f) (1) of the act if its label bears the statement "Diagnostic reagent—For professional use only."

(k) *Exemption for prescription chemicals and other prescription components.* A drug prepared, packaged, and primarily sold as a prescription chemical or other component for use by registered pharmacists in compounding prescriptions or for dispensing in dosage unit form upon prescriptions shall be exempt from section 502 (f) (1) of the act if all the following conditions are met:

(1) The drug is an official liquid acid or official liquid alkali, or is not a liquid solution, emulsion, suspension, tablet, capsule, or other dosage unit form; and

(2) The label of the drug bears:

(i) The statement "For prescription compounding"; and

(ii) If in substantially all dosage forms in which it may be dispensed it is subject to section 503 (b) (1) of the act, the statement "Caution: Federal law prohibits dispensing without prescription"; or

(iii) If it is not subject to section 503 (b) (1) of the act and is by custom among retail pharmacists sold in or from the interstate package for use by consumers, "adequate directions for use" in the conditions for which it is so sold.

*Provided, however,* That the information referred to in subdivision (iii) of this subparagraph may be contained in the labeling on or within the package from which it is to be dispensed.

(3) This exemption shall not apply to any substance intended for use in compounding which results in a new drug, unless an approved new-drug application covers such use of the drug in compounding prescriptions.

(l) *Exemption for processing, repacking, or manufacture.* A drug in a bulk package (except tablets, capsules, or other dosage unit forms) or a device intended for processing, repacking, or use in the manufacture of another drug or device shall be exempt from section 502 (f) (1) of the act if its label bears the statement "Caution: For manufacturing, processing, or repacking"; and, if in substantially all dosage forms in which it may be dispensed it is subject to section 503 (b) (1), the statement "Caution: Federal law prohibits dispensing without prescription." This exemption and the exemption under paragraph (k) of this section may be claimed for the same article. But the exemption shall not apply to a substance intended for a use in manufacture, processing, or repacking which causes the finished article to be a new drug, unless:

(1) An approved new-drug application held by the person preparing the dosage form or drug for dispensing covers the production and delivery to him of such substance; or

(2) If no application is approved with respect to such new drug, the label statement "Caution: For manufacturing, processing, or repacking" is immediately supplemented by the words "in the preparation of a new drug limited by Federal law to investigational use," and the delivery is made for use only in the manufacture of such new drug limited to investigational use as provided in § 130.3 of this chapter.

(m) *Exemption for drugs and devices for use in teaching, law enforcement, research, and analysis.* A drug or device subject to paragraph (b), (c), or (d) of this section shall be exempt from section 502 (f) (1) of the act if shipped or sold to, or in the possession of, persons regularly and lawfully engaged in instruction in pharmacy, chemistry, or medicine not involving clinical use, or engaged in law enforcement, or in research not involving clinical use, or in chemical analysis, or physical testing, and is to be used only for such instruction, law enforcement, research, analysis, or testing.

(n) *Expiration of exemptions.* (1) If a shipment or delivery, or any part thereof, of a drug or device which is exempt under the regulations in this section is made to a person in whose possession the article is not exempt, or is made for any purpose other than those specified, such exemption shall expire, with respect to such shipment or delivery or part thereof, at the beginning of that shipment or delivery. The causing of an exemption to expire shall be considered an act which results in such drug or device being misbranded unless it is disposed of under circumstances in which it ceases to be a drug or device.

(2) The exemptions conferred by paragraphs (i), (j), (k), (l), and (m) of this section shall continue until the drugs or devices are used for the purposes for which they are exempted, or until they are relabeled to comply with section 502 (f) (1) of the act. If, however, the drug is converted, compounded, or manufactured into a dosage form limited to prescription dispensing, no exemption shall thereafter apply to the article unless the dosage form is labeled as required by section 503 (b) and paragraph (b), (c), or (d) of this section.

(o) *Intended uses.* The words "intended uses" or words of similar import in paragraphs (a), (g), (i), (j), (k), and (l) of this section refer to the objective intent of the persons legally responsible for the labeling of drugs and devices. The intent is determined by such persons' express[illegible] may be shown by the circumstances surrounding the distribution of the article. This objective intent may, for example, be shown by labeling claims, advertising matter, or oral or written statements by such persons or their representatives. It may be shown by the circumstances that the article is, with the knowledge of such persons or their representatives, offered and used for a purpose for which it is neither labeled nor advertised. The intended uses of an article may change after it has been introduced into interstate commerce by its manufacturer. If, for example, a packer, distributor, or seller intends an article for different uses than those intended by the person from whom he received the drug, such packer, distributor, or seller is required to supply adequate labeling in accordance with the new intended uses. But if a manufacturer knows, or has knowledge of facts

, law en- r testing. s. (1) If ıny part which is ; in this ıose pos- ıpt, or is an those l expire, t or de- eginning he caus- shall be in such d unless ances in levice. red by ınd (m) ıntil the ourposes or until ith sec- ıowever, ıded, or ı limited emption icle un- l as re- ragraph

ds "in- ' import k), and bjective ponsible devices. ch per- ı by the istribu- e intent labeling oral or sons or : shown ticle is. sons or ıd used neither ıtended r it has e com- for ex- r seller es than ı whom er, dis- supply rith the ınufac- of facts

that would give him notice, that a drug or device introduced into interstate commerce by him is to be used for conditions, purposes, or uses other than the ones for which he offers it, he is required to provide adequate labeling for such a drug which accords with such other uses to which the article is to be put.

(Sec. 502(f), 52 Stat. 1051; 21 U.S.C. 352(f)) [20 F.R. 9532, Dec. 20, 1955, as amended at 21 F.R. 2326, Apr. 11, 1956, 23 F.R. 7909, Oct. 14, 1958, 25 F.R. 12593, Dec. 9, 1960, 26 F.R. 295, Jan. 14, 1961, 26 F.R. 8389, Sept. 6, 1961, 27 F.R. 1317, Feb. 13, 1962, 28 F.R. 5719, June 12, 1963, 29 F.R. 18055, Dec. 19, 1964; 33 F.R. 15023, Oct. 8, 1968]

### § 1.107 Drugs and devices; exemptions.

(a) Except as provided by paragraphs (b) and (c) of this section, a shipment or other delivery of a drug or device which is, in accordance with the practice of the trade, to be processed, labeled, or repacked in substantial quantity at an establishment other than that where originally processed or packed, shall be exempt, during the time of introduction into and movement in interstate commerce and the time of holding in such establishment, from compliance with the labeling and packaging requirements of sections 501(b) and 502 (b), (d), (e), (f), and (g) of the act if:

(1) The person who introduced such shipment or delivery into interstate commerce is the operator of the establishment where such drug or device is to be processed, labeled, or repacked; or

(2) In case such person is not such operator, such shipment or delivery is made to such establishment under a written agreement, signed by and containing the post-office addresses of such person and such operator, and containing such specifications for the processing, labeling, or repacking, as the case may be, of such drug or device in such establishment as will insure, if such specifications are followed, that such drug or device will not be adulterated or misbranded within the meaning of the act upon completion of such processing, labeling, or repacking. Such person and such operator shall each keep a copy of such agreement until 2 years after the final shipment or delivery of such drug or device from such establishment, and shall make such copies available for inspection at any reasonable hour to any officer or employee of the Department who requests them.

(b) An exemption of a shipment or other delivery of a drug or device under paragraph (a) (1) of this section shall, at the beginning of the act of removing such shipment or delivery, or any part thereof, from such establishment, become void ab initio if the drug or device comprising such shipment, delivery, or part is adulterated or misbranded within the meaning of the act when so removed.

(c) An exemption of a shipment or other delivery of a drug or device under paragraph (a) (2) of this section shall become void ab initio with respect to the person who introduced such shipment or delivery into interstate commerce upon refusal by such person to make available for inspection a copy of the agreement, as required by such subparagraph.

(d) An exemption of a shipment or other delivery of a drug or device under paragraph (a) (2) of this section shall expire:

(1) At the beginning of the act of removing such shipment or delivery, or any part thereof, from such establishment if the drug or device comprising such shipment, delivery, or part is adulterated or misbranded within the meaning of the act when so removed; or

(2) Upon refusal by the operator of the establishment where such drug or device is to be processed, labeled, or repacked, to make available for inspection a copy of the agreement, as required by such clause.

(e) Except as provided in paragraphs (g) and (h) of this section, a shipment or other delivery of a drug which is subject to section 507 of the act and which is, in accordance with the practice of the trade, to be processed or repacked in a substantial quantity at an establishment other than that where originally processed or packed shall be exempt from compliance with the labeling requirements of section 502 (f) of the act during the time such drug is also exempt from the requirements of section 502 (l) of the act under the provisions of § 144.5 or § 144.6 of this chapter.

(f) Except as provided by paragraphs (g) and (h) of this section, a shipment or other delivery of a drug which is subject to section 507 of the act and which is, in accordance with the practice of the trade, to be labeled in substantial quantity at an establishment other than that where originally processed or packed shall be exempt from compliance with the labeling requirements of

# CODE OF FEDERAL REGULATIONS

## TITLE 21

**Parts 1 to 119**

**Revised as of January 1, 1970**

---

CONTAINING A CODIFICATION OF DOCUMENTS OF GENERAL APPLICABILITY AND FUTURE EFFECT AS OF JANUARY 1, 1970

***With Ancillaries***

Published by the Office of the Federal Register, National Archives and Records Service
General Services Administration, as a Special Edition of the Federal Register
Pursuant to Section 11 of the Federal Register Act as Amended

---

ent promoting
ed class of pa-
tric patients or
to present with
ignificant side
ons or the sig-
rations, when
are included
pecially appli-
ss of patients.
. a page facing
her full page)
nore than one
ng to side ef-
ns when such
ct part of the

n each page or
t the informa-
ts and contra-
nt reference to
n when it is
part of an

tion from pub-
ports or opin-
ly represented
tic or authori-

ved]
t concerning a
ng may be dis-
pproval by the
ration if:
Food and Drug
ed information
publicized in
he use of the
les or serious

(or in his ab-
as Commis-
the reliability
s notified the
tion must be a
s for the drug;

failed within a
ified in such
the Food and
program, ade-
ure of the in-
that such in-
ized promptly
medical profes-
rtisements.

s that the pro-
ng followed, he
that prior ap-
nts for the par-
uired. Nothing

in this paragraph is to be construed as limiting the Commissioner's or the Secretary's rights, as authorized by law, to issue publicity, to suspend any new-drug application, to decertify any antibiotic, or to recomend any regulatory action.

(2) Within a reasonable time after information concerning the possibility that a drug may cause fatalities or serious damage has been widely publicized in medical literature, the Food and Drug Administration shall notify the sponsor of the drug by mail that prior approval of advertisements for the drug is no longer necessary.

(3) Dissemination of an advertisement not in compliance with this paragraph shall be deemed to be an act that causes the drug to be misbranded under section 502(n) of the act.

(4) Any advertisement may be submitted to the Food and Drug Administration prior to publication for comment. If the advertiser is notified that the submitted advertisement is not in violation and, at some subsequent time, the Food and Drug Administration changes its opinion, the advertiser will be so notified and will be given a reasonable time for correction before any regulatory action is taken under this section. Notification to the advertiser that a proposed advertisement is or is not considered to be in violation shall be in written form.

(k) An advertisement issued or caused to be issued by the manufacturer, packer, or distributor of the drug promoted by the advertisement and which is not in compliance with section 502(n) of the act and the applicable regulations thereunder shall cause stocks of such drug in possession of the person responsible for issuing or causing the issuance of the advertisement, and stocks of the drug distributed by such person and still in the channels of commerce, to be misbranded under section 502(n) of the act.

(l) (1) Advertisements subject to section 502(n) of the act include advertisements in published journals, magazines, other periodicals, and newspapers, and advertisements broadcast through media such as radio, television, and telephone communication systems.

(2) Brochures, booklets, mailing pieces, detailing pieces, file cards, bulletins, calendars, price lists, catalogs, house organs, letters, motion picture films, film strips, lantern slides, sound recordings, exhibits, literature, and reprints and similar pieces of printed, audio, or visual matter descriptive of a drug and references published (for example, the "Physicians Desk Reference") for use by medical practitioners, pharmacists, or nurses, containing drug information supplied by the manufacturer, packer, or distributor of the drug and which are disseminated by or on behalf of its manufacturer, packer, or distributor are hereby determined to be labeling as defined in section 201(m) of the act.

(Sec. 502 (e), (n), 52 Stat. 1050, 1051; 21 U.S.C. 352) [28 F.R. 6376, June 20, 1963, as amended at 28 F.R. 10994, Oct. 15, 1963; 33 F.R. 3217, Feb. 21, 1968; 33 F.R. 9393, June 27, 1968; 33 F.R. 11991, Aug. 23, 1968; 34 F.R. 7802, May 16, 1969]

CROSS-REFERENCE: See § 1.108 for the Spanish-language version of the required labeling statement in § 1.106 (b)(2)(i), (c)(2)(i), (d)(2)(i), (k)(2)(ii), and (l).

## § 1.106 Drugs and devices; directions for use.

(a) *Adequate directions for use.* "Adequate directions for use" means directions under which the layman can use a drug or device safely and for the purposes for which it is intended. Directions for use may be inadequate because (among other reasons) of omission, in whole or in part, or incorrect specification of:

(1) Statements of all conditions, purposes, or uses for which such drug or device is intended, including conditions, purposes, or uses for which it is prescribed, recommended, or suggested in its oral, written, printed, or graphic advertising, and conditions, purposes, or uses for which the drug or device is commonly used; except that such statements shall not refer to conditions, uses, or purposes for which the drug or device can be safely used only under the supervision of a practitioner licensed by law and for which it is advertised solely to such practitioner.

(2) Quantity of dose (including usual quantities for each of the uses for which it is intended and usual quantities for persons of different ages and different physical conditions).

(3) Frequency of administration or application.

(4) Duration of administration or application.

(5) Time of administration or application (in relation to time of meals, time of onset of symptoms, or other time factors).

(6) Route or method of administration or application.

(7) Preparation for use (shaking, dilution, adjustment of temperature, or other manipulation or process).

(b) *Exemption for prescription drugs*. A drug subject to the requirements of section 503 (b) (1) of the act shall be exempt from section 502 (f) (1) if all the following conditions are met:

(1) The drug is:

(i) (*a*) In the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale distribution of prescription drugs; or

(*b*) In the possession of a retail, hospital, or clinic pharmacy, or a public health agency, regularly and lawfully engaged in dispensing prescription drugs; or

(*c*) In the possession of a practitioner licensed by law to administer or prescribe such drugs; and

(ii) It is to be dispensed in accordance with section 503(b).

(2) The label of the drug bears:

(i) The statement "Caution: Federal law prohibits dispensing without prescription"; and

(ii) The recommended or usual dosage; and

(iii) The route of administration, if it is not for oral use; and

(iv) The quantity or proportion of each active ingredient, as well as the information required by section 502 (d) and (e); and

(v) If it is for other than oral use, the names of all inactive ingredients, except that:

(*a*) Flavorings and perfumes may be designated as such without naming their components.

(*b*) Color additives may be designated as coloring without naming specific color components unless the naming of such components is required by a color additive regulation prescribed in Part 8 of this chapter.

(*c*) Trace amounts of harmless substances added solely for individual product identification need not be named. If it is intended for administration by parenteral injection, the quantity or proportion of all inactive ingredients, except that ingredients added to adjust the pH or to make the drug isotonic may be declared by name and a statement of their effect; and if the vehicle is water for injection it need not be named.

(vi) An identifying lot or control number from which it is possible to determine the complete manufacturing history of the package of the drug;

*Provided, however*, That in the case of containers too small or otherwise unable to accommodate a label with sufficient space to bear all such information, but which are packaged within an outer container from which they are removed for dispensing or use, the information required by subdivisions (ii), (iii) and (v) of this subparagraph may be contained in other labeling on or within the package from which it is to be dispensed, and the information referred to in subdivision (i) of this subparagraph may be placed on such outer container only, and the information required by subdivision (vi) of this subparagraph may be on the crimp of the dispensing tube.

(3) (i) Labeling on or within the package from which the drug is to be dispensed bears adequate information for its use, including indications, effects, dosages, routes, methods, and frequency and duration of administration, and any relevant hazards, contraindications, side effects, and precautions under which practitioners licensed by law to administer the drug can use the drug safely and for the purposes for which it is intended, including all purposes for which it is advertised or represented; and

(ii) If the article is subject to section 505, 506, or 507 of the act, the labeling bearing such information is the labeling authorized by the approved new-drug application or required as a condition for the certification or the exemption from certification requirements applicable to preparations of insulin or antibiotic drugs: *Provided, however*, That the information required by subdivision (i) of this subparagraph may be omitted from the dispensing package if, but only if, the article is a drug for which directions, hazards, warnings, and use information are commonly known to practitioners licensed by law to administer the drug. Upon written request, stating reasonable grounds therefor, the Commissioner will offer an opinion on a proposal to omit such information from the dispensing package under this proviso.

(4) Any labeling, as defined in section 201(m) of the act, whether or not it is on or within a package from which the drug is to be dispensed, distributed by or on behalf of the manufacturer, packer, or distributor of the drug, that

furnishes or purports to furnish information for use or which prescribes, recommends, or suggests a dosage for the use of the drug (other than dose information required by subparagraph (2) (ii) of this paragraph and paragraph (c) (2) (ii) of this section) contains:

(i) Adequate information for such use, including indications, effects, dosages, routes, methods, and frequency and duration of administration and any relevant warnings, hazards, contraindications, side effects, and precautions, under which practitioners licensed by law to administer the drug can use the drug safely and for the purposes for which it is intended, including all conditions for which it is advertised or represented; and if the article is subject to section 505 or 507 of the act, the parts of the labeling providing such information are the same in language and emphasis as labeling approved or permitted under the provisions of section 505 or 507, respectively, and any other parts of the labeling are consistent with and not contrary to such approved or permitted labeling; and

(ii) The same information concerning the ingredients of the drug as appears on the label and labeling on or within the package from which the drug is to be dispensed;

*Provided, however,* That the information required by subdivisions (i) and (ii) of this subparagraph is not required on the so-called reminder-piece labeling which calls attention to the name of the drug but does not include indications or dosage recommendations for use of the drug.

(5) All labeling, except labels and cartons, bearing information for use of the drug also bears the date of the issuance or the date of the latest revision of such labeling.

(c) *Exemption for veterinary drugs.* A drug intended for veterinary use which, because of toxicity or other potentiality for harmful effect, or the method of its use, is not safe for animal use except under the supervision of a licensed veterinarian, and hence for which "adequate directions for use" cannot be prepared, shall be exempt from section 502(f) (1) of the act if all the following conditions are met:

(1) The drug is:

(i) In the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale or retail distribution of veterinary drugs and is to be sold only to or on the prescription or other order of a licensed veterinarian for use in the course of his professional practice; or

(ii) In the possession of a licensed veterinarian for use in the course of his professional practice.

(2) The label of the drug bears:

(i) The statement "Caution: Federal law restricts this drug to use by or on the order of a licensed veterinarian"; and

(ii) The recommended or usual dosage; and

(iii) The route of administration, if it is not for oral use; and

(iv) The quantity or proportion of each active ingredient as well as the information required by section 502(e) of the act; and

(v) If it is for other than oral use, the names of all inactive ingredients, except that:

(*a*) Flavorings and perfumes may be designated as such without naming their components.

(*b*) Color additives may be designated as coloring without naming specific color components unless the naming of such components is required by a color additive regulation prescribed in Part 8 of this chapter.

(*c*) Trace amounts of harmless substances added solely for individual product identification need not be named.

If it is intended for administration by parenteral injection, the quantity or proportion of all inactive ingredients, except that ingredients added to adjust the pH or to make the drug isotonic may be declared by name and a statement of their effect; and if the vehicle is water for injection, it need not be named.

(vi) An identifying lot or control number from which it is possible to determine the complete manufacturing history of the package of the drug;

*Provided, however,* That in the case of containers too small or otherwise unable to accommodate a label with sufficient space to bear all such information, but which are packaged within an outer container from which they are removed for dispensing or use, the information required by subdivisions (ii), (iii), and (v) of this subparagraph may be contained in other labeling on or within the package from which it is to be so dispensed, and the information referred to in subdivision (i) of this subparagraph

may be placed on such outer container only, and the information required by subdivision (vi) of this subparagraph may be on the crimp of the dispensing tube.

(3) (i) Labeling on or within the package from which the drug is to be dispensed bears adequate information for its use, including indications, effects, dosages, routes, methods, and frequency and duration of administration, and any relevant hazards, contraindications, side effects, and precautions under which veterinarians licensed by law to administer the drug can use the drug safely and for the purposes for which it is intended, including all purposes for which it is advertised or represented; and

(ii) If the article is subject to section 505 or 507 of the act, the labeling bearing such information is the labeling authorized by the approved new-drug application or required as a condition for the certification or the exemption from certification requirements applicable to preparations of antibiotic drugs: *Provided, however,* That the information required by subdivision (i) of this subparagraph may be omitted from the dispensing package if, but only if, the article is a drug for which directions, hazards, warnings, and use information are commonly known to veterinarians licensed by law to administer the drug. Upon written request, stating reasonable grounds therefor, the Commissioner will offer an opinion on a proposal to omit such information from the dispensing package under this proviso.

(4) Any labeling, as defined in section 201(m) of the act, whether or not it is on or within a package from which the drug is to be dispensed, distributed by or on behalf of the manufacturer, packer, or distributor of the drug, that furnishes or purports to furnish information for use or which prescribes, recommends, or suggests a dosage for the use of the drug (other than dose information required by paragraph (b)(2)(ii) of this section and subparagraph (2)(ii) of this paragraph) contains:

(i) Adequate information for such use, including indications, effects, dosages, routes, methods, and frequency and duration of administration, and any relevant warnings, hazards, contraindications, side effects, and precautions, and including information relevant to compliance with the food additive provisions of the act, under which veterinarians licensed by law to administer the drug can use the drug safely and for the purposes for which it is intended, including all conditions for which it is advertised or represented; and if the article is subject to section 505 or 507 of the act, the parts of the labeling providing such information are the same in language and emphasis as labeling approved or permitted under the provisions of section 505 or 507, respectively, and any other parts of the labeling are consistent with and not contrary to such approved or permitted labeling; and

(ii) The same information concerning the ingredients of the drug as appears on the label and labeling on or within the package from which the drug is to be dispensed;

*Provided, however,* That the information required by subdivisions (i) and (ii) of this subparagraph is not required on the so-called reminder-piece labeling which calls attention to the name of the drug but does not include indications or dosage recommendations for use of the drug.

(5) All labeling, except labels and cartons, bearing information for use of the drug also bears the date of the issuance or the date of the latest revision of such labeling.

(6) A prescription drug intended for both human and veterinary use shall comply with paragraph (b) of this section and subparagraphs (4) and (5) of this paragraph.

(d) *Exemption for prescription devices.* A device which, because of any potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use is not safe except under the supervision of a practitioner licensed by law to direct the use of such device, and hence for which "adequate directions for use" cannot be prepared, shall be exempt from section 502 (f)(1) of the act if all the following conditions are met:

(1) The device is:

(i)(*a*) In the possession of a person (or his agents or employees) regularly and lawfully engaged in the manufacture, transportation, storage, or wholesale or retail distribution of such device; or

(*b*) In the possession of a practitioner, such as physicians, dentists, and veterinarians, licensed by law to use or order the use of such device; and

(ii) Is to be sold only to or on the prescription or other order of such practitioner for use in the course of his professional practice.

for the pur-
ed, including
is advertised
rticle is sub-
the act, the
ing such in-
anguage and
oved or per-
of section 505
other parts
nt with and
oved or per-

n concerning
as appears
on or within
ne drug is to

information
and (ii) of
quired on the
beling which
of the drug
tions or dos-
e of the drug.
labels and
on for use of
te of the is-
atest revision

intended for
ry use shall
of this sec-
) and (5) of

scription de-
cause of any
effect, or the
lateral meas-
is not safe
n of a practi-
ect the use of
which "ade-
annot be pre-
n section 502
the following

of a person
es) regularly
the manufac-
ge, or whole-
f such device;

a practitioner,
s, and veteri-
use or order

to or on the
of such prac-
rse of his pro-

(2) The label of the device (other than surgical instruments) bears:

(i) The statement "Caution: Federal law restricts this device to sale by or on the order of a ____________," the blank to be filled with the word "physician," "dentist," "veterinarian," or with the descriptive designation of any other practitioner licensed by the law of the State in which he practices to use or order the use of the device; and

(ii) The method of its application or use.

(3) Labeling on or within the package from which the device is to be dispensed bears information for use, including indications, effects, routes, methods, and frequency and duration of administration, and any relevant hazards, contraindications, side effects, and precautions under which practitioners licensed by law to administer the device can use the device safely and for the purpose for which it is intended, including all purposes for which it is advertised or represented: *Provided, however,* That such information may be omitted from the dispensing package if, but only if, the article is a device for which directions, hazards, warnings, and other information are commonly known to practitioners licensed by law to use the device. Upon written request, stating reasonable grounds therefor, the Commissioner will offer an opinion on a proposal to omit such information from the dispensing package under this proviso.

(4) Any labeling, as defined in section 201(m) of the act, whether or not it is on or within a package from which the device is to be dispensed, distributed by or on behalf of the manufacturer, packer, or distributor of the device, that furnishes or purports to furnish information for use of the device contains adequate information for such use, including indications, effects, routes, methods, and frequency and duration of administration and any relevant hazards, contraindications, side effects, and precautions, under which practitioners licensed by law to employ the device can use the device safely and for the purposes for which it is intended, including all purposes for which it is advertised or represented. This information will not be required on so-called reminder-piece labeling which calls attention to the name of the device but does not include indications or other use information.

(5) All labeling, except labels and cartons, bearing information for use of the device also bears the date of the issuance or the date of the latest revision of such labeling.

(e) [Reserved]

(f) *Retail exemption for veterinary drugs and prescription devices.* A drug or device subject to paragraph (c) or (d) of this section shall be exempt at the time of delivery to the ultimate purchaser or user from section 502(f)(1) of the act if it is delivered by a licensed practitioner in the course of his professional practice or upon a prescription or other order lawfully issued in the course of his professional practice, with labeling bearing the name and address of such licensed practitioner and the directions for use and cautionary statements, if any, contained in such order.

(g) *Exemption for new drugs.* A new drug shall be exempt from section 502 (f) (1) of the act:

(1) To the extent to which such exemption is claimed in an approved application with respect to such drug under section 505 of the act; or

(2) If no application under section 505 of the act is approved with respect to such drug but it complies with section 505 (i) and regulations thereunder.

No exemption shall apply to any other drug which would be a new drug if its labeling bore representations for its intended uses.

(h) *Exemption for drugs or devices when directions are commonly known.* A drug or device shall be exempt from section 502 (f) (1) of the act insofar as adequate directions for common uses thereof are known to the ordinary individual.

(i) *Exemptions for inactive ingredients.* A harmless drug that is ordinarily used as an inactive ingredient, such as a coloring, emulsifier, excipient, flavoring, lubricant, preservative, or solvent, in the preparation of other drugs shall be exempt from section 502 (f) (1) of the act. This exemption shall not apply to any substance intended for a use which results in the preparation of a new drug, unless an approved new-drug application provides for such use.

(j) *Exemption for diagnostic reagents.* A drug intended solely for use in the professional diagnosis of disease and which is generally recognized by qualified experts as useful for that purpose shall be exempt from section 502 (f) (1) of the act if its label bears the statement "Diagnostic reagent—For professional use only."

(k) *Exemption for prescription chemicals and other prescription components.* A drug prepared, packaged, and primarily sold as a prescription chemical or other component for use by registered pharmacists in compounding prescriptions or for dispensing in dosage unit form upon prescriptions shall be exempt from section 502 (f) (1) of the act if all the following conditions are met:

(1) The drug is an official liquid acid or official liquid alkali, or is not a liquid solution, emulsion, suspension, tablet, capsule, or other dosage unit form; and

(2) The label of the drug bears:

(i) The statement "For prescription compounding"; and

(ii) If in substantially all dosage forms in which it may be dispensed it is subject to section 503 (b) (1) of the act, the statement "Caution: Federal law prohibits dispensing without prescription"; or

(iii) If it is not subject to section 503 (b) (1) of the act and is by custom among retail pharmacists sold in or from the interstate package for use by consumers, "adequate directions for use" in the conditions for which it is so sold. *Provided, however,* That the information referred to in subdivision (iii) of this subparagraph may be contained in the labeling on or within the package from which it is to be dispensed.

(3) This exemption shall not apply to any substance intended for use in compounding which results in a new drug, unless an approved new-drug application covers such use of the drug in compounding prescriptions.

(l) *Exemption for processing, repacking, or manufacture.* A drug in a bulk package (except tablets, capsules, or other dosage unit forms) or a device intended for processing, repacking, or use in the manufacture of another drug or device shall be exempt from section 502 (f) (1) of the act if its label bears the statement "Caution: For manufacturing, processing, or repacking"; and, if in substantially all dosage forms in which it may be dispensed it is subject to section 503 (b) (1), the statement "Caution: Federal law prohibits dispensing without prescription." This exemption and the exemption under paragraph (k) of this section may be claimed for the same article. But the exemption shall not apply to a substance intended for a use in manufacture, processing, or repacking which causes the finished article to be a new drug, unless:

(1) An approved new-drug application held by the person preparing the dosage form or drug for dispensing covers the production and delivery to him of such substance; or

(2) If no application is approved with respect to such new drug, the label statement "Caution: For manufacturing, processing, or repacking" is immediately supplemented by the words "in the preparation of a new drug limited by Federal law to investigational use," and the delivery is made for use only in the manufacture of such new drug limited to investigational use as provided in § 130.3 of this chapter.

(m) *Exemption for drugs and devices for use in teaching, law enforcement, research, and analysis.* A drug or device subject to paragraph (b), (c), or (d) of this section shall be exempt from section 502 (f) (1) of the act if shipped or sold to, or in the possession of, persons regularly and lawfully engaged in instruction in pharmacy, chemistry, or medicine not involving clinical use, or engaged in law enforcement, or in research not involving clinical use, or in chemical analysis, or physical testing, and is to be used only for such instruction, law enforcement, research, analysis, or testing.

(n) *Expiration of exemptions.* (1) If a shipment or delivery, or any part thereof, of a drug or device which is exempt under the regulations in this section is made to a person in whose possession the article is not exempt, or is made for any purpose other than those specified, such exemption shall expire, with respect to such shipment or delivery or part thereof, at the beginning of that shipment or delivery. The causing of an exemption to expire shall be considered an act which results in such drug or device being misbranded unless it is disposed of under circumstances in which it ceases to be a drug or device.

(2) The exemptions conferred by paragraphs (i), (j), (k), (l), and (m) of this section shall continue until the drugs or devices are used for the purposes for which they are exempted, or until they are relabeled to comply with section 502 (f) (1) of the act. If, however, the drug is converted, compounded, or manufactured into a dosage form limited to prescription dispensing, no exemption shall thereafter apply to the article unless the dosage form is labeled as required by section 503 (b) and paragraph (b), (c), or (d) of this section.

v-drug application
;paring the dosage
)ensing covers the
ry to him of such

1 is approved with
ug, the label state-
r manufacturing,
ıg" is immediately
'ords "in the prep-
limited by Federal
ıse," and the deliv-
y in the manufac-
limited to investi-
d in § 130.3 of this

*drugs and devices*
*o enforcement, re-*
A drug or device
(b), (c), or (d) of
empt from section
if shipped or sold
n of, persons reg-
ıgaged in instruc-
nistry, or medicine
use, or engaged
r in research not
, or in chemical
sting, and is to be
struction, law en-
nalysis, or testing.
*cemptions.* (1) If
ery, or any part
· device which is
gulations in this
rson in whose pos-
not exempt, or is
other than those
tion shall expire,
shipment or de-
at the beginning
livery. The caus-
to expire shall be
ch results in such
nisbranded unless
· circumstances in
, drug or device.
ıs conferred by
(k), (l), and (m)
continue until the
ed for the purposes
xempted, or until
comply with sec-
: act. If, however,
l, compounded, or
osage form limited
sing, no exemption
to the article un-
is labeled as re-
(b) and paragraph
ıis section.

(o) *Intended uses.* The words "intended uses" or words of similar import in paragraphs (a), (g), (i), (j), (k), and (l) of this section refer to the objective intent of the persons legally responsible for the labeling of drugs and devices. The intent is determined by such persons' expressions or may be shown by the circumstances surrounding the distribution of the article. This objective intent may, for example, be shown by labeling claims, advertising matter, or oral or written statements by such persons or their representatives. It may be shown by the circumstances that the article is, with the knowledge of such persons or their representatives, offered and used for a purpose for which it is neither labeled nor advertised. The intended uses of an article may change after it has been introduced into interstate commerce by its manufacturer. If, for example, a packer, distributor, or seller intends an article for different uses than those intended by the person from whom he received the drug, such packer, distributor, or seller is required to supply adequate labeling in accordance with the new intended uses. But if a manufacturer knows, or has knowledge of facts that would give him notice, that a drug or device introduced into interstate commerce by him is to be used for conditions, purposes, or uses other than the ones for which he offers it, he is required to provide adequate labeling for such a drug which accords with such other uses to which the article is to be put.

(Sec. 502(f), 52 Stat. 1051; 21 U.S.C. 352(f)) [20 F.R. 9532, Dec. 20, 1955, as amended at 21 F.R. 2326, Apr. 11, 1956, 23 F.R. 7909, Oct. 14, 1958, 25 F.R. 12593, Dec. 9, 1960, 26 F.R. 295, Jan. 14, 1961, 26 F.R. 8389, Sept. 6, 1961, 27 F.R. 1317, Feb. 13, 1962, 28 F.R. 5719, June 12, 1963, 29 F.R. 18055, Dec. 19, 1964; 33 F.R. 15023, Oct. 8, 1968; 34 F.R. 12885, Aug. 8, 1969]

### § 1.107 Drugs and devices; exemptions.

(a) Except as provided by paragraphs (b) and (c) of this section, a shipment or other delivery of a drug or device which is, in accordance with the practice of the trade, to be processed, labeled, or repacked in substantial quantity at an establishment other than that where originally processed or packed, shall be exempt, during the time of introduction into and movement in interstate commerce and the time of holding in such establishment, from compliance with the labeling and packaging requirements of sections 501(b) and 502 (b), (d), (e), (f), and (g) of the act if:

(1) The person who introduced such shipment or delivery into interstate commerce is the operator of the establishment where such drug or device is to be processed, labeled, or repacked; or

(2) In case such person is not such operator, such shipment or delivery is made to such establishment under a written agreement, signed by and containing the post-office addresses of such person and such operator, and containing such specifications for the processing, labeling, or repacking, as the case may be, of such drug or device in such establishment as will insure, if such specifications are followed, that such drug or device will not be adulterated or misbranded within the meaning of the act upon completion of such processing, labeling, or repacking. Such person and such operator shall each keep a copy of such agreement until 2 years after the final shipment or delivery of such drug or device from such establishment, and shall make such copies available for inspection at any reasonable hour to any officer or employee of the Department who requests them.

(b) An exemption of a shipment or other delivery of a drug or device under paragraph (a) (1) of this section shall, at the beginning of the act of removing such shipment or delivery, or any part thereof, from such establishment, become void ab initio if the drug or device comprising such shipment, delivery, or part is adulterated or misbranded within the meaning of the act when so removed.

(c) An exemption of a shipment or other delivery of a drug or device under paragraph (a) (2) of this section shall become void ab initio with respect to the person who introduced such shipment or delivery into interstate commerce upon refusal by such person to make available for inspection a copy of the agreement, as required by such subparagraph.

(d) An exemption of a shipment or other delivery of a drug or device under paragraph (a) (2) of this section shall expire:

(1) At the beginning of the act of removing such shipment or delivery, or any part thereof, from such establishment if the drug or device comprising such shipment, delivery, or part is adulterated or misbranded within the meaning of the act when so removed; or