Appendix 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOY KASPARIAN and RICHARD
FEDERICO, JR.,

        Plaintiffs

        v.

ELI LILLY AND COMPANY,

        Defendants.

CIVIL ACTION No. 06-CV-00290 (RMC)

## DEFENDANT ELI LILLY AND COMPANY'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS

Eli Lilly and Company ("Lilly"), objects to Plaintiff's First Set of Interrogatories and First Request for Production of Documents and/or Tangible Things to Defendant Eli Lilly and Company.

### INTRODUCTION

Plaintiff's First Set of Interrogatories and First Request for Production address research conducted by Dr. Herbert Horne that was published in October, 1985 in the Journal of Chronic Diseases ("Horne Article"). The Horne Article, attached as Exhibit 1, was published fifteen years after plaintiff was born, and fifteen years after any allegedly inadequate warning by Lilly was published. The discovery sought is not relevant to any issues in this suit.

Plaintiff, in her Complaint, alleges harms due to *in utero* exposure to DES in 1969 and 1970. Plaintiff did not herself take DES; the drug was prescribed to her mother. Lilly is accused of publishing inadequate warnings in 1969 or 1970, the inadequacy to be measured by the state of the art and medical knowledge prevailing at that time. To prove her claim, plaintiff must demonstrate 1) that Lilly's DES, as opposed to one of the dozens of other brands of this generic

B3251252.1

drug then available, was taken by her mother; 2) that Lilly made some misrepresentations or
offered some warranties in that product literature that were breached; 3) that Lilly's FDA
approved warnings, representations or warranties were inadequate by the standards of 1969 and
1970; and 4) that her infertility was caused by *in utero* exposure to DES. Discovery into the
Horne Article addresses none of the issues to be resolved at trial.

The Horne Article acknowledges that the research was partially funded by Lilly and that
a Lilly employee provided statistical advice. The Interrogatories and Requests seek all
information, and all documents, that Lilly has with respect to this project and funding.

The Horne Article, at p.874, states that data collection for the study began in 1971 in
response to the first article associating DES with injury in the female off-spring of women who
took the drug decades earlier. This seminal report, cited at p.875 of the Horne Article, was
published in the New England Journal of Medicine in April, 1971. Dr. Horne stated in his article
that data collection began at that point and continued by questionnaires until 1981. *Id.*

The Horne Article, and the collection and analysis of data for that article, is irrelevant to
any issue to be tried in this case and the discovery sought simply cannot be seen as reasonably
calculated to lead to the discovery of evidence admissible at trial. Questionnaire responses from
several hundred women who took DES prescribed by Dr. Horne have no bearing on the claim by
Plaintiff, the daughter of one of those women, that DES caused her harm. Further, the subject
matter of the article, a retrospective review of the efficacy of DES in improving the outcome of
pregnancy in the women who took it - not in daughters of those women, such as plaintiff -
confirms the irrelevance of the discovery sought.

This 1985 Horne Article is not part of the state of the art as of 1969-1970. Lilly does not
and will not rely upon it and Plaintiff cannot use it to establish any part of the 1969-1970 state of

B3251252.1                                    - 2 -

medical knowledge. The 1985 Horne Article does not present data on anything to do with DES daughters such as Plaintiff. Nothing in the article bears on the causation burden that Plaintiff must carry. Similarly, nothing in the article, or in the analysis of data for the article, can address whether Plaintiff's mother received Lilly's DES.

Lilly has determined that a copy of Plaintiff's mother's questionnaire response to Dr. Horne is in its files. That document is related to the issues in this case and Lilly produces it with these Objections. As current medical literature makes clear, the daughters of Dr. Horne's patients, and study group, are now included in continuing research on DES, funded by the National Institutes of Health.

For the above reasons, however, Lilly objects to the burden of reviewing and producing records of Dr. Horne's study for no legitimate litigation purpose. Further, the discovery is broad enough to encompass material at Lilly prepared by and under the direction of counsel in the course of defending DES litigation pending at the time and reasonably expected to continue. Lilly then, further objects to the discovery to the degree it calls for the production of work product and attorney client information and documents.

## GENERAL OBJECTIONS

1.     Lilly objects to these interrogatories as irrelevant to any issue in this case as they seek information for time periods beyond May 15, 1970 the date of birth for Plaintiff Joy Kasparian. The discovery sought is not reasonably calculated to lead to the discovery of admissible evidence. It is apparent that no action by Lilly, its employees or any other person subsequent to May 1970 could have any effect upon Plaintiff Joy Kasparian's alleged exposure to DES. It is also apparent that medical studies or articles conducted or published after May 1970 could have no bearing on the state of the art at the time of Plaintiff's alleged exposure to DES. It is further apparent that medical studies on DES conducted and published after May

B3251252.1                                    - 3 -

1970 could have no effect on the decision of a prescribing physician to prescribe the drug to Plaintiff's mother or on the decision of Plaintiff's mother to ingest the drug prior to May 1970. The Horne Article does not address any issues related to the causation of harm in the daughters of the women who participated in the study.

2.   Lilly objects to these interrogatories to the extent they seek information protected by the attorney-client and/or the attorney work product privilege. The Interrogatories and Requests are so broad that they would encompass discussions and documents by Lilly's attorneys on the subject matter of the Horne Article. The Horne Article and data collection took place at a time when Lilly was a defendant in DES claims and reasonably anticipated being a defendant in future claims.

3.   Lilly objects to these interrogatories to the extent that they are overly broad, and unduly burdensome.

## INTERROGATORIES

### INTERROGATORY NO. 1

What financial support was paid by Lilly or its attorney to the Hornes or any affiliated entity, when and how much?

#### RESPONSE

Lilly incorporates the General Objections above in response to Interrogatory No. 1.

### INTERROGATORY NO. 2

Identify any agreement(s), contract(s), or proposals with Dr. Herbert Horne and/or Ms. Hannah Horne Lord for such funding, including terms, dates and description of the agreement(s), arrangement(s), contract(s), or understanding(s) or attach to your answer all relevant documents?

#### RESPONSE

Lilly incorporates the General Objections above as response to Interrogatory No. 2.

B3251252.1                              - 4 -

## INTERROGATORY NO. 3

Describe Lilly's conduct, cooperation, or participation in any aspect of the Homes' study including, data collection, data processing, collecting or storing patient information and histories, tracking brand identification, dates of treatment, or responses to follow-up questionnaires.

### RESPONSE

Lilly incorporates the General Objections above as response to Interrogatory No. 3.

### INTERROGATORY NO. 4

Identify all persons by name, position and address who were involved on behalf of Eli Lilly and Company or their attorneys who have knowledge of, or participated in, the DES follow-up study performed by Dr. Herbert Horne and Ms. Hannah Lord.

### RESPONSE

Lilly incorporates the General Objections above as response to Interrogatory No. 4.

### INTERROGATORY NO. 5

Did Lilly or the Homes to your knowledge ever destroy documents, data records, or questionnaires relating to the DES follow-up study? If so, describe in detail what, when and by whom.

### RESPONSE

Lilly incorporates the General Objections above as response to Interrogatory No. 5.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

Copies of all funding requests, fund disbursements, records of payment, budget proposals, donations, accounting reports, copies of checks, and financial statements relating to the funding of Horne's DES follow-up study by Lilly, its attorneys or agents.

#### RESPONSE

Lilly incorporates the General Objections above as response to Request No. 1.

### REQUEST NO. 2

Copies of all records in your possession relating to the DES longitudinal follow-up study conducted by Dr. Herbert Horne and Ms. Hannah Horne Lord and to the progress of said study including, but not limited to, progress reports, internal memoranda, conference notes, meeting minutes, letters and proposals.

#### RESPONSE

Lilly incorporates the General Objections above as response to Request No. 2.

Subject to and without waiving Lilly's General Objections, Lilly states that a copy of Plaintiff's mother's response to Dr. Horne's questionnaires has been located and is attached as Exhibit B.

### REQUEST NO. 3

Copies of all records in you possession relating to the Horne DES study including, but not limited to, all data collected, data summaries, results of the study, patient histories, participant histories, participant surveys, participant names and addresses, status reports and preliminary findings.

#### RESPONSE

Lilly incorporates the General Objections above as response to Request No. 3.

Subject to and without waiving Lilly's General Objections, Lilly states that a copy of

Plaintiff's mother's response to Dr. Horne's questionnaires is attached as Exhibit B.

## REQUEST NO. 4

Copies of all correspondence, written or electronic, between Eli Lilly and the Hornes

between the years 1969 and 2003.

## RESPONSE

Lilly incorporates the General Objections above as response to Request No. 4.

Respectfully submitted,

ELI LILLY AND COMPANY

James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: September 11, 2006

## CERTIFICATE OF SERVICE

I certify that on September 11, 2006, a true copy of the foregoing document was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W., Suite 500
Washington, DC 20036
Attorneys for Plaintiffs

James J. Dillon