Appendix 5

Case 1:06-cv-00290-RMC   Document 15-7   Filed 02/05/2007   Page 1 of 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOY KASPARIAN and RICHARD FEDERICO, JR., <br><br> Plaintiffs <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendants. | CIVIL ACTION No. 06-CV-00290 (RMC) |

**DEFENDANT ELI LILLY AND COMPANY'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS**

COMES NOW defendant Eli Lilly and Company (hereinafter "Lilly"), by and through its attorneys, Foley Hoag, LLP, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and provides the following responses to Plaintiffs' Second Set of Interrogatories and Second Request for Production of Documents and/or Tangible Things to Defendant Eli Lilly and Company.

**PRELIMINARY STATEMENT**

As a preface to each and every response to Plaintiffs' interrogatories and requests, Lilly qualifies its response by stating that Lilly has not completed its investigation of the facts relating to this case, has not completed its discovery in this action and has not completed its preparation for trial. Lilly reserves the right to amend or supplement these responses as discovery in the case progresses, as new facts are developed and as new information is obtained. Therefore, the following responses are given without prejudice to Lilly's right to produce any additional evidence at trial or in connection with any pretrial proceeding.

2105102v1

Without waiving and subject to its objections, Lilly answers, yes. Lilly further states that over the period of time in which diethylstilbestrol was approved by the FDA for use in pregnancy, over 300 companies marketed 5 mg. or larger dosage sizes of diethylstilbestrol. This information comes from the following publicly available reference sources: *Modern Drug Encyclopedia and Therapeutic Index, Physicians' Desk Reference, American Drug Index, Drug Topics Red Book, American Druggist Blue Book, Executive Directory of U.S. Pharmaceutical Industry, Standard and Poor's Corp.'s Standard Corporation Descriptions, Moody's Investors Service, Inc., Moody's Industrial Manual* and *Dun & Bradstreet.* These sources contain little information about the description of a particular company's product, and many of those companies ceased to exist well before this, or any diethylstilbestrol litigation, began.

Prior to the commencement of any diethylstilbestrol litigation, to the best of its knowledge, Lilly did not compile information concerning the description of diethylstilbestrol manufactured and/or marketed by other companies. Lilly has no information from any source about the description of the diethylstilbestrol products of the vast majority of the over 300 companies. Although there were numerous companies which described their diethylstilbestrol as "scored," it is unclear which were cross scored.

19. <u>Studies Supported by The Defendant</u>

Identify a single controlled study, conducted or supported by you, prior to the marketing of DES to pregnant women, which investigated the effect of DES on the fertility or fecundity of the exposed daughter. Do not obfuscate the record with supposed FDA compliance, state of the art, or what anyone else did, nor refer to irrelevant recipient studies. We want controlled daughter offspring studies only.

- 12 -

2105102v1

RESPONSE: Lilly incorporates herein its Objections B, C, and D. Lilly further objects to Plaintiffs' definitions and instructions to the extent they exceed the scope of the Federal Rules of Civil Procedure and seek to prevent Lilly from providing a full and accurate response. Lilly further objects to this interrogatory to the extent it assumes as true particular statements or allegations, the truth of which Lilly denies. Lilly further objects to this interrogatory to the extent it assumes that Lilly was required to do studies of a type unanticipated by the medical community, or required by government regulations, at the time diethylstilbestrol was approved for use and generally recognized by experts in the field to be safe and which, based on experiments in animals and experience in humans, were neither suggested nor required. Lilly further objects to this interrogatory to the extent it requires Lilly, or any expert retained by Lilly, to collect, organize or analyze such studies, tests or investigations as may exist in the public domain.

Without waiving and subject to its objections, Lilly states that the approval of Lilly's New Drug Applications (NDAs) for diethylstilbestrol was subject to all pertinent regulatory and reporting requirements. Lilly complied at all times with all relevant FDA guidelines as set forth in Title 21 of the Federal Food, Drug and Cosmetic Act. The regulations, which exist in the public domain, speak for themselves.

Lilly further states that, although it did not perform the testing which is the subject of this interrogatory, and was not required to do so, it relied upon the research of experts in the field who had evaluated the safe and effective use of diethylstilbestrol over a period of many years. Diethylstilbestrol was synthesized in 1938, over sixty (60) years ago. Since that time, Lilly and independent investigators have conducted a variety of studies involving substantial testing and research which have contributed to making diethylstilbestrol one of the

- 13 -

2105102v1

By: /s/ Michael J. Harrington
Deputy General Counsel
Michael J. Harrington

STATE OF INDIANA    )
                    : ss.:
COUNTY OF MARION    )

On this 27th day of September, 2006, before me appeared Michael J. Harrington, Deputy General Counsel, Eli Lilly and Company, who stated that he signed the above Responses to Plaintiffs' Second Set of Interrogatories and Second Request for Production of Documents and/or Tangible Things to Defendant Eli Lilly and Company but that many of the facts set forth in such Responses are not within his personal knowledge, having been assembled and compiled by others within the employ of Eli Lilly and Company at his direction, as to which facts he is informed and believes the same to be true and that the remaining facts are known by him to be true.

Subscribed and sworn to before me this 27th day of September, 2006.

/s/ Karen L. Smith
Notary Public
Karen L. Smith
Morgan County, IN
February 7, 2010