Appendix 19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MEREDITH SHUMAN CASALE and
DOUGLAS CASALE,

    Plaintiffs,

v.

ELI LILLY AND COMPANY

    Defendant.

CIVIL ACTION No. 03 CV-11833 (DPW)

### DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

#### I. INTRODUCTION

Defendant Eli Lilly and Company ("Lilly") submits this Memorandum of Points and Authorities in Support of Its Motion for Partial Summary Judgment. Plaintiffs brought this product liability suit against Lilly in January 2003. Plaintiff Meredith Casale alleges that she suffered injuries as a result of *in utero* exposure in Massachusetts to the prescription drug "DES". She asserts claims for negligence, strict liability, breach of warranty and negligent misrepresentation. Plaintiff Douglas Casale asserts a claim for loss of consortium. Both plaintiffs also seek punitive damages. In all of these claims, Plaintiffs allege that Lilly provided inadequate warnings and instructions with its brand of the generic drug diethylstilbestrol (a form of DES), and that this failure in Lilly's written labeling for DES caused injuries for which they now claim damages.

To demonstrate Lilly's liability based on alleged failings or misstatements in its product literature, plaintiffs must prove that Lilly's product literature was actually read and relied upon

by Ms. Casale's prescribing physician, Dr. Herbert W. Horne, Jr.[1] This motion is premised on the failure to present evidence on an essential element of plaintiffs' claims - each of them require proof of reliance on the allegedly faulty warnings, on some misrepresentation, or on some warranty. Without proving that Dr. Horne actually factored Lilly's warnings and product literature into his treatment decisions, Lilly's warnings are simply irrelevant to this action.

Lilly's product literature in 1969-70 for this prescription drug did not indicate its use during pregnancy. Dr. Horne, who allegedly prescribed the drug for that purpose in 1969-70, could not have relied upon Lilly's product literature as a basis for that use. Dr. Horne could have relied simply on his own training and experience in deciding to prescribe the drug.[2] Regardless of which brand of diethylstilbestrol product was ultimately received by the patient in this case, liability here can only be found on proof that a failure in Lilly's product literature was the specific and proximate cause of Plaintiff's harm - that "but for" Lilly's inadequate warnings to Dr. Horne, the prescription would not have been made to Ms. Casale's mother and Ms. Casale would not have been injured.[3] Summary judgment should therefore be granted in Lilly's favor because that proof of reliance on Lilly's product literature does not exist.

---

[1] Plaintiff Meredith Casale alleges that Dr. Horne prescribed DES during her mother's pregnancy with her. See Plaintiff Meredith Shuman Casale's Answers to Eli Lilly And Company's First Set of Interrogatories ("Casale Interrog.") No. 8 (Nesin Aff., Ex. 2); Transcript of Deposition of Florence Shuman ("Shuman Tr.") at 24 (Excerpts attached as Exhibit 3 to Nesin Aff.).

[2] Dr. Horne, now deceased, was the former director of the fertility clinic at Boston Lying-In Hospital and an instructor at Harvard Medical School for over 40 years. See Tom Long, Obituary, Dr. Herbert Horne Jr., at age 80; was director of fertility clinic, BOSTON GLOBE, Sept. 15, 1995 (Excerpt attached as Exhibit 4 to Nesin Aff.). In a 1985 scholarly article about DES, Dr. Horne stated that he had prescribed DES to at least 770 women during the period between 1952 and 1972, usually adhering to a dosage schedule suggested by Drs. Smith and Smith in a 1948 journal article. Herbert W. Horne Jr., *Evidence of Improved Pregnancy Outcome With Diethylstilbestrol (DES) Treatment of Women With Previous Pregnancy Failures: A Retrospective Analysis*, 38 J. CHRON. DIS. 873-880 (1985) (Excerpt attached as Exhibit 5 to Nesin Aff.). Dr. Horne's article does not indicate that information from Eli Lilly was ever relied upon by Dr. Horne in prescribing DES, rather, his expertise in the fields of obstetrics, gynecology and fertility suggest that he would have relied upon his own expertise when prescribing DES.

[3] Ms. Casale alleges that a Lilly product was prescribed to her mother, and that as a result she sustained injuries. Lilly does not concede that a Lilly product was ever prescribed to or ingested by plaintiff's mother but, in any event,

FHBoston/1014288.1

- 2 -

## United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:03-cv-11833-DPW

Casale et al v. Eli Lilly and Company
Assigned to: Judge Douglas P. Woodlock
Referred to:
Demand: $1000000
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1332 Diversity-Product Liability

Date Filed: 09/22/03
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Federal Question

| Filing Date | # | Docket Text |
|---|---|---|
| 08/12/2004 |  | Civil Case Terminated. (Greenberg, Rebecca) (Entered: 08/12/2004) |
| 08/12/2004 | 35 | STIPULATION of Dismissal *with Prejudice* by Douglas Casale, Meredith Shuman Casale, Eli Lilly and Company. (Granberry, John) (Entered: 08/12/2004) |
| 06/10/2004 | 34 | NOTICE of ADR Conference Alternate Dispute Resolution Hearing set for 7/7/2004 10:30 AM in Courtroom 25 before Magistrate Judge Marianne B. Bowler.(Saccoccio, Dianalynn) (Entered: 06/10/2004) |
| 05/17/2004 |  | ELECTRONIC NOTICE of assignment to ADR Provider. Mag. Judge Marianne B. Bowler appointed. The court will contact counsel about scheduling a mediation.(Nee, Amy) (Entered: 05/17/2004) |
| 04/09/2004 | 33 | Opposition re 28 MOTION to Strike 27 Opposition to Motion, *Statement of Harold B. Sparr*, 29 MOTION to Strike 27 Opposition to Motion, *Statement of Florence Shuman*, 30 MOTION to Strike 27 Opposition to Motion, *Supplemental Statement of Dr. Merle Berger* filed by Meredith Shuman Casale. (Stanford, Patricia) (Entered: 04/09/2004) |
| 03/23/2004 | 32 | AFFIDAVIT in Support re 29 MOTION to Strike 27 Opposition to Motion, *Statement of Florence Shuman*. (Attachments: # 1 Exhibit A: Florence Shuman Deposition Transcript)(Granberry, John) (Entered: 03/23/2004) |
| 03/23/2004 |  | Judge Douglas P. Woodlock : Electronic ORDER entered: The case has been referred for mediation with this Court's ADR program. The parties shall contact the ADR coordinator(Amy Nee, 617-748-9109)to arrange a mutually convenient date for mediation. Upon completion of mediation, the parties shall provide a STATUS REPORT to Judge Woodlock, indicating the status of mediation and proposals for |

| | | |
|---|---|---|
| | | further proceedings, discovery, trial and pretrial, if necessary. (Greenberg, Rebecca) (Entered: 03/23/2004) |
| 03/23/2004 | 31 | Judge Douglas P. Woodlock : ORDER entered REFERRING CASE to Alternative Dispute Resolution.(Greenberg, Rebecca) (Entered: 03/23/2004) |
| 03/23/2004 | | Electronic Clerk's Notes for proceedings held before Judge Douglas P. Woodlock : Motion Hearing held on 3/23/2004 re 28 MOTION to Strike 27 Opposition to Motion, Statement of Harold B. Sparr filed by Eli Lilly and Company, 23 MOTION for Partial Summary Judgment filed by Eli Lilly and Company, 29 MOTION to Strike 27 Opposition to Motion,Statement of Florence Shuman filed by Eli Lilly and Company, 30 MOTION to Strike 27 Opposition to Motion, Supplemental Statement of Dr. Merle Berger filed by Eli Lilly and Company, Scheduling Conference held on 3/23/2004. Court considers the case a failure to warn case and takes the summary judgment issues under advisement but has indicated an inclination to deny the motion. With respect to motions ##28, 29, 30, the Court will allow oppositions to be filed by APRIL 9, 2004. Punitive damages is no longer part of this case. The case will be referred to mediation before Judge Mazzone. A further conference date will be set at a later time. (Court Reporter Pam Owens.) (Greenberg, Rebecca) (Entered: 03/23/2004) |
| 03/23/2004 | 30 | MOTION to Strike 27 Opposition to Motion, *Supplemental Statement of Dr. Merle Berger* by Eli Lilly and Company. (Attachments: # 1 Affidavit of Katherine Fick# 2 Exhibit A: Original Statement of Dr. Berger# 3 Exhibit B: Plaintiff's Expert Disclosure Statement# 4 Text of Proposed Order)(Granberry, John) (Entered: 03/23/2004) |
| 03/23/2004 | 29 | MOTION to Strike 27 Opposition to Motion, *Statement of Florence Shuman* by Eli Lilly and Company. (Attachments: # 1 Text of Proposed Order)(Granberry, John) (Entered: 03/23/2004) |
| 03/23/2004 | 28 | MOTION to Strike 27 Opposition to Motion, *Statement of Harold B. Sparr* by Eli Lilly and Company. (Attachments: # 1 Text of Proposed Order)(Granberry, John) (Entered: 03/23/2004) |
| 03/22/2004 | 27 | Opposition re 23 MOTION for Partial Summary Judgment *and Memorandum of Law* filed by Douglas Casale, Meredith Shuman Casale. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10# 11 Exhibit 11# 12 Exhibit 12)(Stanford, Patricia) (Entered: 03/22/2004) |
| 03/19/2004 | | Electronic Notice Resetting TIME of Further Scheduling Conference/Motion Hearing: The conference previously set for |