UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOY KASPARIAN, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 06-290 (RMC) |
| ELI LILLY AND COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

This is a products liability personal injury case arising from Plaintiff Joy Kasparian's alleged in utero exposure to diethylstilbestrol ("DES") which caused uterine malformations and infertility. Defendant Eli Lilly and Company contends that Plaintiffs[1] cannot prove that Ms. Kasparian was exposed to Lilly's brand of DES.[2] Plaintiffs have propounded interrogatories and requests for production seeking discovery "to investigate and reveal the extent of Defendant's complicity and close relationship with Dr. Herbert W. Horne, Jr. (the actual prescribing doctor in this case) and his daughter and research partner, Ms. Hannah Lord, regarding Dr. Horne and Ms. Lord's practice, research and statements concerning DES." Pls.' Mot. to Compel at 1. Defendant objected to producing this information, and Plaintiffs filed a motion to compel. As explained below, the motion to compel will be denied because the information sought by Plaintiffs is not relevant.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant

---

[1] Ms. Kasparian is joined in this suit by her husband, Richard Federico. Mr. Federico asserts a claim for loss of consortium.

[2] Originally, Defendant also asserted a statute of limitations defense. However, Defendant's Opposition to the Motion to Compel expressly waives this defense. See Def.'s Opp. to Mot. to Compel ("Def.'s Opp.") at 2.

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Thus, while the scope of discovery is broad, only relevant information is discoverable. "[N]o one would suggest that discovery should be allowed of information that has no conceivable bearing on the case." *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.2d 1007, 1012-13 (D.C. Cir. 1997) (quoting 8 Wright, Miller & Marcus, Fed. Prac. & Pro.: Civil 2d § 2008 at 105-06 (1994)).

Plaintiffs' First Set of Interrogatories and First Request for Production of Documents focus on research conducted by Dr. Horne and published in the Journal of Chronic Diseases in October 1985 (the "Horne Article"). This information is not relevant to Plaintiffs' suit. Plaintiffs allege that Ms. Kasparian was exposed in utero to DES in 1969 and 1970 and that Defendant published inadequate warnings during this time. The 1985 Horne Article and related research was not part of the state-of-the-art medical knowledge in 1969 and 1970. Further, Defendant had no communication with Dr. Horne until 1973, its first communication with Ms. Lord was after this date, and it did not begin to fund Dr. Horne's research until 1976. *See* Def.'s Opp. Ex. 1, Lilly's Supp. Resp. to Pls.' 1st Set of Interrog. at 2. The information sought by Plaintiffs is not relevant to their allegations in this suit.

Accordingly, Plaintiffs' Motion to Compel [Dkt. # 14] is **DENIED**; and it is

**FURTHER ORDERED** that the stay of dispositive motion briefing pursuant to the Court's February 12, 2007 Minute Entry Order is lifted; Defendant's reply brief shall be filed no later than March 2, 2007.

**SO ORDERED.**

Date: February 23, 2007                       /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge