IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOY KASPARIAN and RICHARD FEDERICO, JR.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ELI LILLY AND COMPANY,<br><br>        Defendants. | CIVIL ACTION No. 06-CV-00290 (RMC) |

### DEFENDANT ELI LILLY AND COMPANY'S
### MOTION TO STRIKE AFFIDAVIT OF HAROLD SPARR, R.PH.

     In their Opposition to Lilly's Motion for Summary Judgment ("Plaintiffs' Opposition"), plaintiffs Joy Kasparian and Richard Federico rely on an affidavit submitted by Harold Sparr, R.Ph. in an attempt to satisfy their burden of proving that the prescribing physician in the case relied on Lilly's product literature in deciding to prescribe diethylstilbestrol to Mrs. Kasparian's mother. The central points of Mr. Sparr's affidavit are: (1) the Lilly brand of DES was dispensed to Joy Kasparian's mother; (2) Lilly "dominated the DES market;" and (3) to discredit the Red and Blue Books. None of these facts are relevant to the question of what the prescribing physician, Dr. Horne, relied upon in deciding to prescribe DES to Mrs. Kasparian's mother. Moreover, Mr. Sparr's statements regarding the Boston/Hingham market for DES are not based on personal knowledge and have no bearing on the pharmacy at issue in this case, located in Belmont. Thus, Mr. Sparr's affidavit should be struck as irrelevant under Fed. R. Civ. P. 12(f) and incompetent under Fed. R. Civ. P. 56(e). In addition, Mr. Sparr's assertions about the Red and Blue Books should be stricken because they contradict his prior sworn deposition testimony.

B3323321.3

### A. THE SPARR AFFIDAVIT MUST BE STRICKEN UNDER RULE 12(F) BECAUSE IT IS IRRELEVANT.

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike a pleading[1] for insufficiency, redundancy, immateriality, impertinence or scandalousness. See Fed. R. Civ. P. 12(f). A matter is immaterial or impertinent when it is not relevant to the resolution of the issue at hand. *See Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004); *LaRouche v. U.S. Dep't of Treasury*, 2000 U.S. Dist. LEXIS 5078, No. 91-1655, 2000 WL 805214, at *15 (D.D.C. 2000). While generally motions to strike are disfavored by federal courts, if allegations are irrelevant and prejudicial to the defendant, a motion to strike should be granted. *See Wiggins v. Philip Morris, Inc.,* 853 F. Supp. 457, 457 (D.D.C. 1994).

As discussed in Lilly's Reply Brief in Support of Summary Judgment, the only issue in the motion is whether Plaintiffs can show that Dr. Herbert Horne relied on Lilly's product literature when he prescribed DES to Mrs. Kasparian's mother in 1969 and 1970. Mr. Sparr's affidavit has no relevance to this issue. *See Judicial Watch,* 224 F.R.D. at 263; *LaRouche*, 2000 U.S. Dist. LEXIS 5078 at *15. Mr. Sparr does not claim to have any knowledge about Dr. Horne or his prescription practices. Even presuming that Mr. Sparr establishes a basis for the general statements contained in his affidavit, which Lilly contests as discussed below, his impressions of the DES market in Boston/Hingham, Sparr Affidavit ("Sparr Aff."), Docket No. 15, App. 7, ¶ 11, his generalizations regarding the stocking practices of drugstores in Boston/Hingham,[2] *id.* ¶¶ 7, 8, 9), and his conclusions regarding the Red and Blue Books, *id.* ¶¶ 6, 9, 10, have no import to assessing what Dr. Horne relied upon in prescribing DES. The doctor's prescription decision is

---

[1] The term "pleading" for the purposes of Rule 12(f) includes affidavits and declarations. *See Larouche v. Dep't of the Treasury*, 2000 U.S. Dist. LEXIS 5078, No. 91-1655, 2000 WL 805214, at *13-14 (D.D.C. Mar. 31, 2000).

[2] Mr. Sparr's statements regarding the DES market in *Boston* and *Hingham* are also completely irrelevant to the practices at the pharmacy identified in this case located in *Belmont*.

made distinct from and prior to any decision at a local pharmacy of what brand of DES to dispense. One decision bears no relation to the other.

Faced with irrelevant evidence, courts in the District of Columbia have struck the affidavits at issue. In *Judicial Watch, Inc. v. United States Department of Commerce*, the court struck statements in an affidavit offered by plaintiff regarding the defendant's FOIA response because the statements did not relate to the FOIA request at issue in the motion but, rather, a prior request between the parties. 224 F.R.D. at 264. Similarly, in *Larouche v. United States Department of the Treasury*, the court struck an affidavit offered by plaintiff in its entirety. In assessing the adequacy of a FOIA response at summary judgment, the court found the affidavit described events leading to plaintiff's indictment and the possibility of additional responsive documents, but neither of these issues were relevant to the motion regarding whether the documents withheld fit within an exemption regarding confidentiality of grand jury proceedings. 2000 U.S. Dist. LEXIS 5078 at *46-47. Thus, as here, where the statements contained in the affidavit are irrelevant to the issue to be decided at summary judgment, the appropriate remedy is to strike the affidavit under Rule 12(f).

**B.   THE AFFIDAVIT MUST BE STRUCK UNDER RULE 56(e) BECAUSE IT IS SPECULATIVE AND NOT BASED ON PERSONAL KNOWLEDGE.**

Federal Rule of Civil Procedure 56(e) requires that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The "requirement of personal knowledge by the affiant is unequivocal, and cannot be circumvented." *Londrigan v. Federal Bureau of Investigation*, 670 F.2d 1164, 1174 (D.C. Cir. 1981) (citing J. Moore & J. Wicker, Federal Practice P 56.22(1)(1980)(reversing district court's denial of motion to strike because affiant lacked personal knowledge); *see also Alyeska Pipeline*

*Serv. Co. v. U.S. Environmental Protection Agency*, 856 F.2d 309, 314-315 (D.C. Cir. 1988)(affirming district court's grant of summary judgment to defendant because affidavit plaintiff relied on to create a material question of disputed fact did not meet the personal knowledge requirement of Rule 56(e)); *Judicial Watch*, 2004 U.S. Dist. LEXIS 19648 at 6-8 (D.D.C. 2004) (striking a statement based on opinion rather than personal knowledge pursuant to Fed. R. Civ. P. 56(e)).

Plaintiffs appear to offer Mr. Sparr's affidavit to speculate that Batson's pharmacy in *Belmont* would have distributed the Lilly brand of DES to Mrs. Kasparian's mother based on Mr. Sparr's opinion that (1) drugstores in *Boston/Hingham* stocked Lilly's DES exclusively and (2) that the DES pill described by Mrs. Kasparian's mother -- white and cross-scored -- was exclusive to Lilly. Sparr Aff. ¶¶ 7-9. Mr. Sparr's statements regarding these issues are pure speculation and not based on any personal knowledge of the relevant pharmacy in this case.

    1.    <u>Mr. Sparr's Expresses No Personal Knowledge Regarding Batson's Pharmacy.</u>

Plaintiffs' have identified Batson's Pharmacy in Belmont, Massachusetts as the pharmacy that filled Mrs. Kasparian's mother's prescription for DES. Mr. Sparr has never worked at Batson's pharmacy. *Id.* ¶ 3. He does not claim to have ever visited Batson's pharmacy, reviewed any purchasing or prescription records from the pharmacy, or gained familiarity with the wholesalers, if any, used by the pharmacy. In fact, Mr. Sparr's impression that "in the 1960s and 1970s, generics were not popular and were disfavored in the trade since they did not have the quality control of the major brands," *id.* ¶ 7, is in direct contradiction to the testimony of the actual pharmacist at Batson's. Mr. Lynch testified that Batson's would sacrifice quality in favor of a generic product when the generic was less expensive. Transcript of Deposition of Edward Lynch, at 8 (excerpts attached hereto as Ex. 1). Mr. Lynch's testimony is a clear indication that

Mr. Sparr has no personal knowledge of the relevant pharmacy at issue and his assumptions regarding the market were, in this case, far from accurate. In short, there is nothing in Mr. Sparr's affidavit making it more likely than not that Batson's Pharmacy stocked Lilly's DES as opposed to one of the other 60 brands of DES on the market in 1969-'70.

In addition, Mr. Sparr claims to have garnered knowledge of the Boston market and Lilly's products through conversations with various pharmacists in Boston over the last fifty years. Sparr Aff. ¶ 4. Mr. Sparr's conversation with these pharmacists, and any statement based thereon, constitute inadmissible double hearsay that should not be considered on summary judgment. *See Judicial Watch*, 224 F.R.D. at 265 (striking hearsay statements); *Larouche*, 2000 U.S. Dist. LEXIS 5078 at * 48 (striking entire affidavit, noting it was almost entirely hearsay because the affiant did not personally witness most of the events described).

Under Rule 56(e), affidavits used to oppose a summary judgment motion must be based on personal knowledge rather than speculation or hearsay. Mr. Sparr's affidavit fails each facet of Rule 56(e) and must be excluded from the Court's consideration.

        2.    <u>Mr. Sparr's Assertion that Lilly Alone Marketed A White Cross-Scored Pill in 1969-70 is Rank Speculation.</u>

Mr. Sparr has no personal knowledge that Lilly was the only manufacturer marketing a diethylstilbestrol pill that fit the description of Mrs. Kasparian's mother. He admits that he has never seen any DES pill other than Lilly's. Transcript of Deposition of Harold Sparr ("Sparr Tr. I") in *Delaney v. Eli Lilly and Company*, D. Mass. No. 05-CV-10241 (MLW), at 17, 45-46 (excerpts attached hereto as Ex. 2). In a different DES lawsuit with a pill fitting the same description offered by Mrs. Kasparian's mother, Mr. Sparr testified that his "knowledge" about the uniqueness of Lilly's white, cross-scored pill is based on a review of a single photograph of that pill, *id.* at 8-9, 16, a review of Lilly's product literature that contained no photograph or

description of the pill, *id.* at 18, and a review of the Physician's Desk Reference for 1969-'70 which contained no photograph or description of the pill, *see id.* at 19; *see e.g.* 1969 Physician Desk Reference (Docket No. 13, Ex. 9) (showing no description or photograph of Lilly's DES pills). Mr. Sparr not only admitted that he could not say one way or the other if Squibb's DES pill fit the pill description at issue in this case, Sparr Tr. I, at 16 (Ex. 2), he also admitted that he *could not say* that *none* of the other DES pills marketed by the manufacturers listed in the Red and Blue Books were white and cross-scored, *id.* at 57. Finally, Mr. Sparr acknowledged that he did *nothing* to verify his statement that Lilly's white, cross-scored pill was unique in the DES market; he did not look at pictures of other pills, *id.* at 8-9, 16, nor did he consult any medical or pharmacy journals to substantiate his bold claim, *id.* at 47.[3] Mr. Sparr's statement that cross-scoring was unique to Lilly's DES pill is pure speculation that deserves no credence from this Court. Mr. Sparr simply could not say whether DES manufacturers other than Lilly and Squibb made DES pills that fit the description provided by Mrs. Kasparian's mother.

### C. MR. SPARR'S ASSERTIONS REGARDING THE SCOPE AND PURPOSE OF THE RED AND BLUE BOOKS SHOULD BE EXCLUDED AS CONTRADICTORY

Mr. Sparr's assertion that only a few of the manufacturers listed in the Red and Blue Books were national pharmaceutical distributors whose products were available in Boston directly contradicts his sworn deposition testimony in prior DES litigation. Mr. Sparr testified as follows about the import of the Red and Blue Books:

> Q. Could you tell us, please, what the Red Book is, please?
> A. It's a publication that includes all the different brands of all the drugs that were available with their cost.
> Q. And the Red Book, I take it, is called the Drug Topics Red

---

[3] Mr. Sparr specifically acknowledged that because he has no experience in manufacturing pills, he "wouldn't know" whether it was feasible for the DES manufacturer's listed in the Red and Blue Books to produce a cross-scored DES tablet. *Id.* at 52-53.

> Book; is that correct?
> A. Yes.
> Q. And this is a publication that went to all pharmacists; is that correct?
> A. As far as I know, yes. We used to receive it every year.
> Q. And this list was a list of drugs that were available for purchase by any of those pharmacists; is that correct?
> A. That's correct.
> Q. So these were drugs that were available in the national supply chain to be purchased; is that correct?
> A. That's correct.
> . . .
> Q. And there was also something called a Blue Book; is that right?
> A. That's correct.
> Q. And this is called, the American Druggist's Blue Book; is that right?
> A. That's right
> . . .
> Q. And was this also, sir, a publication that went to all pharmacists?
> A. Yes.
> Q. And this was a publication that listed drugs that were available to purchase on a national basis; is that right?
> A. Yes.
> Q. So any pharmacist could buy any drug that was listed in the Blue Book or the Red Book; is that correct?
> A. Providing that the wholesaler had it.
> Q. But these were the ones that were available; is that right?
> A. That's correct. They wouldn't list drugs that weren't available.
> Q. Right.

See Transcript of Deposition of Harold Sparr ("Sparr Tr. II") in *Bohlin v. Eli Lilly and Company*, Civil Action No. 03-CV-11577 (MEL), at 101-03 (excerpts attached hereto as Ex. 3). Plaintiffs cannot rely on Mr. Sparr's contradictory affidavit testimony to ward off summary judgment. *Colantuoni v. Alfred Calcagni & Sons, Inc.*, 44 F.3d 1, 4-5 (1st Cir. 1994) (stating that "[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed").

**CONCLUSION**

For all the foregoing reasons, Lilly respectfully requests that the Sparr Affidavit be excluded from consideration on summary judgment because it does not comport with the requirements of Fed. R. Civ. P. 12(f) or 56(e).

**REQUEST FOR ORAL ARGUMENT**

Pursuant to L.R. 7.1, Lilly hereby requests a hearing on this motion.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ James J. Dillon
James J. Dillon
D.C. Bar No. 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: March 2, 2007

**LOCAL RULE 7(m) CONFERRAL CERTIFICATION**

I, James J. Dillon certify that on March 2, 2007, counsel for Lilly conferred with Plaintiffs' counsel regarding Lilly's Motion to Strike Statement of Harold Sparr. Plaintiffs' counsel does not consent to the Motion.

/s/ James J. Dillon