UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
JOY KASPARIAN and                          )
RICHARD FEDERICO, JR.,                     )
                                           )
            Plaintiffs,                    )
                                           )
        v.                                 )  CIVIL ACTION No. 06-CV-00290 (RMC/AK)
                                           )  NEXT EVENT:
ELI LILLY AND COMPANY,                     )    Pretrial Conference September 19, 2007
                                           )
            Defendant.                     )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S MOTION TO STRIKE THE TESTIMONY OF JULIUS S. PIVER, M.D.**

COME NOW Plaintiffs Joy Kasparian and Richard Federico, Jr., (collectively "Plaintiffs"), through counsel, and oppose Defendant Eli Lilly and Company's ("Lilly's") Motions to Strike Testimony of Julius S. Piver, M.D., and as grounds therefore state:

1. **Dr. Piver is Known to Defendant**

When a court considers a motion to strike, its focus is primarily on the surprise and prejudice suffered by the other party. See Michelone v. Desmarais, 25 Fed. Appx. 155, 158 (4th Cir. 2002). Here, there is no surprise or prejudice to Defendant; Defendant is familiar with the statements of Dr. Piver.

Dr. Piver's conclusions regarding the standard of care have been known to defendant for years. In Miskulin v. Abbott Lab's, No. CGC-03-418517 (Cal. Super. 2005), Dr. Piver was cited for the standard of care of doctors in California. See Selection from Opposition to Eli Lilly's Motion for Summary Judgment in Miskulin, Appendix No. 1. Furthermore, Dr. Piver was recently deposed by Defendant in Deep v. Eli Lilly and Co., Civil Action No. 1:06-CV-00111 (D.D.C.), where Defendant's counsel questioned Dr. Piver about his opinions on his knowledge

of the standard of care regarding DES.  See, e.g., Deposition of Julius S. Piver, M.D., pgs. 61-64, App. 2.

### 2. Dr. Piver's Testimony is Relevant as It Supports the Proposition that Dr. Horne Acted as a Reasonable Physician

Dr. Piver's statement is relevant in that it supports Plaintiffs' proposition that Dr. Horne conformed to the standard of care.

Defendant's cited cases of Garside v. Osco Drug, Inc., 976 F.2d 77 (1st Cir. 1992) and Linnen v. A.H. Robins Co., 11 Mass. L. Rep. 231, 1999 Mass. Super. LEXIS 552 (Mass. Super. Ct. Dec. 7, 1999) do not prove the position Defendant wishes to establish.  Both cases support the contention that a plaintiff need only present evidence of an inadequate warning, and then the defense must provide evidence of the specific behavior of the doctor.

In Garside, the plaintiff presented no evidence of what the particular prescribing physician would have done.  Evidence of the prescribing physician's behavior was presented entirely by the defendant drug company.  976 F.2d at 82.  The First Circuit found that evidence of inadequate warning, without any evidence of the doctor's behavior, engages the heeding presumption.  Id.

In Linnen, the court stated that, assuming a warning was inadequate, it was the defendant's burden to show that the prescribing doctor would not have heeded a warning communicated "to the medical community."  1999 Mass. Super. LEXIS 552 at *13 (citing Mampe v. Ayerst Labs, 548 A.2d 798, 799 [D.C. Ct. App. 1988]).  Evidence of the particular knowledge of the doctor was invoked in support of the defendant.  1999 Mass. Super. LEXIS 552 at *11.

Dr. Piver establishes that the standard of practice for an obstetrician was to prescribe DES and rely on Lilly's materials in doing so.  Dr. Piver also establishes that doctors would have

kept current on the literature and read any warning given. By establishing the standards held by the medical community, Dr. Piver helps establish what a physician would be presumed to do under the circumstances.

### 3. Defendant's Authorities Regarding the Sufficiency of Affidavits are Irrelevant and Misleading

Lilly also attacks Dr. Piver's statement as speculative, citing <u>Alyeska Pipeline Serv. Co. v. E.P.A.</u>, 856 F.2d 309 (D.C. Cir. 1988) and <u>Judicial Watch v. United States Dep't of Commerce</u>, 224 F.R.D. 261 (D.D.C. 2004). These cases are irrelevant and present facts and situations so far removed from the present litigation as to imply inclusion in Defendant's motion without being read in full.

As stated above, Dr. Piver is relevant to establishing what the practice of physicians such as Dr. Horne was. The cases cited by Defendant do not shine any light on what level of knowledge would be necessary to establish the standard of care. Instead, <u>Alyeska Pipeline</u> speaks to the permissible conclusions to be drawn from an EPA investigation, and <u>Judicial Watch</u> states that a fact witness's affidavit cannot be based on hearsay.

<u>Alyeska Pipeline</u> is a case where a polluter attempted to discover the scope of the EPA investigation against it by filing a Freedom of Information Act request. To counter the EPA's defense that the investigation was still ongoing, the polluter had an employee sign an affidavit stating that the EPA's course of investigation was clear from the inquiries it had already made. <u>Alyeska Pipeline</u>, 856 F.2d at 314. The court held that one cannot determine the course of an investigation from the known acts of the investigators. <u>Id</u>. <u>Aleyska Pipeline</u> sheds no light on the sufficiency of medical standard of care evidence.

<u>Judicial Watch</u> is another FOIA case. In <u>Judicial Watch</u>, a nonprofit submitted as evidence to compel more disclosure from a government agency a statement from a former

employee of that agency. The former employee's sole basis for some of her statements were the notes of another person. 224 F.R.D. at 264. Furthermore, the former employee confessed at deposition that she did not know the official procedure for document handling that she claimed was violated. Id. at 265. Dr. Piver provided his *curriculum vitae* and set forth his knowledge of the obstetric standard of care. There is no question that he has personal knowledge of what he will testify about, which is the national standard of care in obstetrics.

Lilly attempts to confuse the issue by stating that Dr. Piver's standard of care testimony – which he is qualified to give – requires personal knowledge of Dr. Horne. Plaintiffs have already established infra that Massachusetts law allows one to presume the actions of a doctor were in conformance with the standard of care barring evidence to the contrary. Therefore, personal knowledge of Dr. Horne is not required.

**CONCLUSION**

For the foregoing reasons, and for the reasons at oral argument, Plaintiffs respectfully request that Defendant's Motions to Strike be Denied.

                                        Respectfully submitted,

                                        AARON M. LEVINE AND ASSOCIATES

                                        /s/ Aaron M. Levine
                                      Aaron M. Levine, #7864
                                      1320 Nineteenth Street, N.W., Suite 500
                                      Washington, D.C. 20036
                                      (202) 833-8040

                                        COUNSEL FOR PLAINTIFFS

**LCvR 7(f) REQUEST**

Pursuant to Local Rule 7(f), Plaintiffs request a hearing on this issue.

                                        /s/ Aaron M. Levine