# Appendix 1

NANCY HERSH, ESQ., State Bar No. 49091
AMY ESKIN, ESQ., State Bar No. 127668
BETHANY CARACUZZO, ESQ., State Bar No. 190687
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6388
Telephone: (415) 441-5544

AARON M. LEVINE, ESQ., DC Bar No. 7864
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, N.W., Suite 500
Washington, DC 20036
Telephone: (202) 833-8040

Attorneys for Plaintiff



FILED
San Francisco County Superior Court
SEP 13 2005

SUPERIOR COURT OF THE STATE OF CALIFORNIA

CITY AND COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JANINE MISKULIN,<br><br>    Plaintiff,<br><br>vs.<br><br>ABBOTT LABORATORIES; et al.,<br><br>    Defendants. | CASE NUMBER CGC-03-418517 |

**PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN OPPOSITION TO DEFENDANT ELI LILLY'S MOTION FOR SUMMARY JUDGMENT**

Date: September 27, 2005
Time: 9:30 a.m.
Dept: 301
Complaint filed: 3/19/03
Trial Date: 2/14/06

adenocarcinoma of the vagina and cervix. (Ex. "D" to ESKIN DEC., STOLLEY DEC. at ¶2, p.2:7-9, EX. "F" to ESKIN DEC. at 38:14-25, Declaration of ARNOLD SCHWARTZ, M.D. ["SCHWARTZ DEC."] filed concurrently herewith).

DES or Diethylstilbestrol was prescribed in the 1960's to women to prevent miscarriage. Plaintiff's Separate Statement of Undisputed Facts ("PUF"). (PUF No. 1, Declaration of Julius S. Piver, M.D. ["PIVER DEC."] filed concurrently herewith at ¶s 5-9 and 12 at p.2-3) Unbeknownst to the women who took it while pregnant, and to their physicians, it was ineffective in preventing miscarriage. (See Declaration of Robert J. Falk, M.D. ["FALK DEC."] at ¶A and exhibits appended thereto, filed concurrently herewith.) The only synthetic estrogen on the market during the years of DES popularity was Diethylstilbestrol which had an overwhelmingly and extensive share of the market or Dienestrol, which had much less popularity. (Declaration of Robert J. Stillman, M.D. ["STILLMAN DEC."] filed concurrently herewith at ¶5)[3] In utero exposure to DES also causes infertility and abnormal changes in the reproductive systems of men and women whose mothers took the drug while pregnant. (Id. at ¶3, and Exhibits attached thereto) Clear cell adenocarcinoma of the cervix/vagina is pathognomonic of in utero Diethylstilbestrol exposure. Clear cell adenocarcinoma of the cervix/vagina is a signature DES disease. Vaginal and cervical clear cell adenocarcinoma's link to DES is well established. (See STOLLEY DEC. at ¶s 1-5, 2:1-3:4 and Exhibit 3 attached thereto) JANINE MISKULIN'S clear cell adenocarcinoma has been linked to her *in utero* exposure to DES. (STOLLEY DEC. at ¶3, EX. "F" to ESKIN DEC. at 40:14-17) DES did its damage to the reproductive tract of women with a delayed fuse. It takes years for the cancer to manifest itself. (STOLLEY DEC. at ¶s1-5 and Ex. 3)

Clear cell adenocarcinoma of the vagina and cervix was virtually unknown in the 1970's, but became increasingly diagnosed in DES daughters after DES was promoted to popularity. (Id.) Gizelle Brooks-Carter, M.D., a board-certified OB/GYN and one of JANINE MISKULIN'S treating physicians, has testified that she does not know of any potential causes of clear cell adenocarcinoma of the vagina and cervix that MS. MISKULIN has contracted other than DES.

---

[3] Dienestrol was a yellow pill. (See Ex. "O" to ESKIN DEC.)

- 3 -
PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

(Ex. "F" to ESKIN DEC. at 40:14-17.)

When it was marketed, the product information regarding DES, specifically the Product Insert for Lilly's DES, did not contain any warnings regarding the damaging effects that DES could have on the reproductive systems of children exposed. There was no warning that synthetic estrogens such as DES could significantly increase the risk of cancer in the offspring of women who took the drug. (PIVER DEC. at ¶s 6, 7, 8, and 9 and Exhibits attached thereto) DES was banned for use in pregnant women in 1971. (PIVER DEC. at ¶7, STILLMAN DEC. at ¶6)

Plaintiff filed her Complaint on March 19, 2003, alleging that <u>as of the time of filing the Complaint</u> she was unable to identify the specific manufacturer of the DES ingested by her mother. (See Ex. "A" to Defendant's motion) Therefore, Plaintiff alleged, she was, at the time, proceeding under the market share theory articulated by the California Supreme Court in <u>Sindell v. Abbott Laboratories</u> (1980) 26 Cal.3d 588. Under the <u>Sindell</u> theory, a plaintiff injured by *in utero* exposure to DES who cannot identify the specific manufacturer of the DES ingested by her mother may bring a "substantial share" of the relevant market of DES manufacturers before the Court and will be able to proceed even though she cannot prove which manufacturer's DES specifically caused her injuries. (<u>Id.</u>).[4]

On October 24, 2003, Plaintiff's counsel sent a package of numerous photographs of DES pills and a DES bottle to MS. WILKINSON. (See, Ex. "J" to ESKIN DEC.) MS. WILKINSON felt extremely guilty about what had happened to her daughter and blamed herself for her daughter's condition. (Ex. "A" to ESKIN DEC. at 203:4-22) When she received a package from Plaintiff's counsel containing photographs of the pills she may have taken, she glanced at them and stuck them into a bag in the laundry room pantry out of sight. (<u>Id.</u> at 207:20-208:4, 212:25-213:20) She hardly looked at anything Plaintiff's counsel had sent her — she did not even want to speak to him; she simply did not want to see the pills or deal with them. (<u>Id.</u> at

---

[4] As the evidence in this case has developed, Plaintiff has adduced evidence that will enable her to prove that the manufacturer of the DES ingested by her mother was Defendant Lilly. Plaintiff not barred from identifying the specific manufacturer of the DES ingested by her mother merely because she initially proceeded under <u>Sindell</u>. To apply <u>Sindell</u> in this matter would unfairly and impermissibly prevent a party from making use of evidence developed and discovered after filing the case.

-4-

PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

not MS. MISKULIN'S fault. LILLY seeks to take advantage of the passage of time and resultant record loss to deprive MS. MISKULIN of her day in court. In reality, LILLY is claiming that whenever the prescribing physician is dead, a DES case cannot be proven, even though LILLY promoted a drug that did not manifest its harm for thirty to forty years after the prescription, when the prescribers' records would be gone. In *Sindell v. Abbott Laboratories* (1980 (9180) 26 Cal.3d 588, the California Supreme Court soundly rejected that argument. "Here...plaintiff is not at fault in failing to provide evidence...[defendants' conduct] in marketing a drug the effects of which are delayed for many years played a significant role in creating the unavailability of proof." (26 Cal.3d at 609-610) Thus, the Supreme Court recognized that in DES cases the law favors proceeding to trial on the merits.

It is Defendant's burden on summary judgment to then rebut this presumption with admissible and relevant evidence proving that LILLY gave an adequate warning to Drs. Mohun and O'Hara re. DES. (Comment j, *supra*; *Garside, infra* at 81.) Defendant fails to prove this and, in fact, fails to address this issue in any way in their Separate Statement of "Undisputed" Facts. California Code of Civil Procedure Section 437c (b)(1) and Rule of Court 342 both require that the moving party in a motion for summary judgment submit a Separate Statement of facts which sets forth plainly and concisely ALL material facts which the moving party contends are undisputed. (Emphasis added; see also CRC 342(d).) However, in addition to this, Plaintiff's evidence raises triable issues of fact as to whether if Lilly had shared what it knew of DES with the medical community, no doctor would have prescribed it. (PIVER DEC., FALK DEC., PUF No. 39.)

> "This is the Golden Rule of Summary Adjudication [or Judgment]: **if it is not set forth in the separate statement, *it does not exist*.**" (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337; Emphasis in the original.)

The Court is not permitted to consider facts not contained within the Separate Statement, as to consider other papers would not further the purposes of the statute. (*North Coast Business Park v. Nielsen Const. Co.* (1993) 17 Cal.App.4th 22, 31.) Therefore, LILLY'S argument that the Heeding Presumption has been rebutted, fails outright, as Defendant failed to carry its burden on this issue.

- 8 -
PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT