UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)
JOY KASPARIAN and                        )
RICHARD FEDERICO, JR.,                   )
                                         )
            Plaintiffs,                  )
                                         )
      v.                                 )   CIVIL ACTION No. 06-CV-00290 (RMC/AK)
                                         )   NEXT EVENT:
ELI LILLY AND COMPANY,                   )     Pretrial Conference September 19, 2007
                                         )
            Defendant.                   )
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~)

**PLAINTIFFS' SURREPLY IN OPPOSITION TO DEFENDANT ELI LILLY AND COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE THE STATEMENT OF JULIUS PIVER, M.D.**

Plaintiffs Joy Kasparian and Richard, Federico, Jr. present this Response to Defendant Eli Lilly and Company's ("Lilly") Reply Brief in Support of Its Motion to Strike the Statement of Julius Piver, M.D., in order to respond to Defendant's claim that it was prejudiced by the late disclosure of Dr. Piver. Defendant cites as support three cases regarding the disclosure, *close to trial*, of witnesses whose surprise expert opinions were unknown to the defense. These facts are not those of the present case. We are not close to trial nor is Dr. Piver a surprise to Lilly.

Plaintiff did not intend to call Dr. Piver at the trial of this case until Defendant filed its Motion for Summary Judgment with the novel concept that Dr. Horne, who was Lilly's partner in later DES research, had no knowledge of Lilly's warnings, even though knowledge of Lilly's warnings was common in the practice of obstetrics.

Under the District of Columbia court rules, which are substantially similar to the Federal Rules, even willful failure to comply with discovery rules – which Plaintiff did not engage in – is not in and of itself sufficient to support exclusion. See Abell v. Wang, 697 A.2d 796, 803 (D.C.

1997). If there is no surprise or material prejudice, exclusion is not the proper remedy. See Drs. Groover, Christie & Merritt, P.C. v. Burke, __ A.2d __, 2007 D.C. App. LEXIS 97 at *12-13 (D.C. Mar. 8, 2007). The standard of surprise and prejudice is used in cases under the Federal Rules as well. See Michelone v. Desmarais, 25 Fed. Appx. 155, 158-59 (4th Cir. 2002) (finding as harmless an expert report submitted just before trial as the other party "knew the thrust" of the proposed testimony). Under the present facts, Dr. Piver does not prejudice or surprise Defendant, and Defendant's cases do not say otherwise.

In each of Defendant's cases – Musser v. Gen-Tiva Health Serv's, 356 F.3d 751 (7th Cir. 2004), Lohnes v. Level 3 Comm'ns, Inc., 272 F.3d 49 (1st Cir. 2001), and Trost v. Trek Bicycle Corp., 162 F.3d 1004 (8th Cir. 1998) – the opinions of the late-disclosed experts were unknown to the defense. In Trost, the expert conducted no research and drafted no opinion until after expert reports were due. 162 F.3d at 1007. In Lohnes, the plaintiff provided no explanation for late disclosure in response to the defendant's motion to strike; prior knowledge of the opinion of the expert was not at issue. Lohnes, 272 F.3d at 60. Here, Defendant was aware of the experts' opinions in substantially similar litigation. There is no surprise from Plaintiffs' expert.

In each of Defendant's cases, a critical factor to the exclusion of the experts was the closeness of trial. In Musser, the expert witness was disclosed in November and trial was scheduled for March. Musser, 356 F.3d at 754, 759. In Lohnes, the disclosure was considered a "sneak attack" because the expert was disclosed "fewer than three weeks before the final pretrial conference." Lohnes, 272 F.3d at 60. In Trost, the expert was disclosed in November and the case was on the January trial calendar. Trost, 162 F.3d at 1007, 1008.

In the present case, Plaintiffs filed their Opposition with Dr. Piver at issue more than seven months before trial. There is ample time for Defendant to prepare a defense against Dr.

Piver, especially as Defendant has encountered him before. Plaintiffs' failure to disclose Dr. Piver is harmless.

**CONCLUSION**

For the foregoing reasons as well as those contained in Plaintiffs' Opposition, Plaintiffs respectfully request that Defendant's Motions to Strike be Denied.

                                          Respectfully submitted,

                                          AARON M. LEVINE AND ASSOCIATES

                                          /s/ Aaron M. Levine
                                        Aaron M. Levine, #7864
                                        1320 Nineteenth Street, N.W., Suite 500
                                        Washington, D.C. 20036
                                        (202) 833-8040

                                        COUNSEL FOR PLAINTIFFS