UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOY KASPARIAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-290 (RMC) |
| ) | |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This is a products liability personal injury case arising from Plaintiff Joy Kasparian's alleged in utero exposure to diethylstilbestrol ("DES"). Defendant Eli Lilly and Company ("Lilly") moves to strike the statement of Julius S. Piver, M.D. relied on by Plaintiffs[1] in their opposition to Lilly's motion for summary judgment. As explained below, Dr. Piver's statement will be stricken because (1) Plaintiffs did not timely disclose him as an expert in this case and (2) his statement regarding the national standard of care is not relevant to the prescribing practices of the doctor in this case.

## I. BACKGROUND FACTS

Plaintiffs allege that Ms. Kasparian was exposed in utero to DES in 1969 and 1970 when Dr. Herbert W. Horne, Jr., prescribed DES to Ms. Kasparian's pregnant mother. Plaintiffs contend that Dr. Horne relied on Lilly's product warnings when he prescribed DES to Ms. Kasparian's mother. Lilly contends that Dr. Horne did not rely on Lilly's product literature since Dr. Horne prescribed DES to Ms. Kasparian's mother at a time when Lilly's DES product literature did

---

[1] Ms. Kasparian is joined in this suit by her husband, Richard Federico. Mr. Federico asserts a claim for loss of consortium.

not indicate that DES should be used to prevent accidents of pregnancy. Def.'s Mot. Summ. J. Ex. 9, Physician's Desk Reference.

In response to Lilly's motion for summary judgment and in support of Plaintiffs' contention that Dr. Horne relied on Lilly's product literature, Plaintiffs rely on a statement by Dr. Piver that purports to establish a national standard of care for prescribing DES. Pls.' Opp. Ex. 6. Pls.' Opp. to Def.'s Mot. for Summ. J. App. 6, Aff. of Dr. Piver ("Piver Aff."). Dr. Piver states that in 1951, Lilly recommended the use of DES in pregnancy "as the most effective agent to prevent the accidents of pregnancy." *Id.* ¶ 11. Further, "[t]he national standard of care in 1970 was to prescribe[] DES in accordance with the Lilly labeling which contained neither warning of any injury to the fetus, nor any contraindication in pregnancy." *Id.* ¶ 9. In 1971, DES was banned for use in pregnant women. *Id.* ¶ 7.

Lilly moves to strike the statement of Dr. Piver, and Plaintiffs object. As explained below, the motion to strike will be granted

## II. ANALYSIS

### A. Failure to Timely Designate Expert

This Court issued a Scheduling Order on May 26, 2006, which required Plaintiffs to designate their experts no later than September 25, 2006, pursuant to Federal Rule of Civil Procedure 26(a)(2) (requiring parties to disclose their experts as directed by the court). *See* Scheduling Order [Dkt. # 11]. Discovery closed on December 26, 2006. *Id*. Plaintiffs did not designate or disclose Dr. Piver until February 5, 2007, when they filed their opposition to Lilly's motion for summary judgment.

The failure to disclose an expert in a timely manner can result in the exclusion of the witness and his testimony. A party that "without substantial justification fails to disclose information required by . . . Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); LCvR 26.2(a). A plaintiff's late disclosure of expert testimony can necessitate its exclusion because the late disclosure deprives the defendant of the opportunity to depose the expert, to challenge the expert's credentials and testimony, and to solicit the defendant's own experts. *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 757-59 (7th Cir. 2004) (excluding expert testimony first disclosed at summary judgment); *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001) (same).

Here, Plaintiffs failed to disclose Dr. Piver until February 2007, after the September 2006 deadline for identifying Plaintiffs' experts and after the December 2006 closure of discovery. Plaintiffs did not provide a justification, let alone a substantial justification, for such failure. Plaintiffs argue that the late disclosure was not prejudicial because Lilly was aware of Dr. Piver through other lawsuits filed by other plaintiffs against Lilly. Plaintiffs cite no support for the proposition that Lilly should anticipate the identification of an expert from prior litigation, and there is no reason that Lilly should have known that Plaintiffs would rely on Dr. Piver's testimony in this litigation. Because the late disclosure deprived Lilly of the opportunity to depose Dr. Piver, to challenge his credentials and testimony, and to retain its own expert to counter Dr. Piver's testimony, the belated identification of Dr. Piver as an expert in this case was prejudicial to Lilly. Accordingly, Dr. Piver and his testimony must be excluded.

B. Relevance

Even if Plaintiffs had timely disclosed Dr. Piver, Dr. Piver's statement should be excluded because it is not relevant to the question of what, if any, product literature Dr. Horne relied on in 1969 and 1970. In prescription drug failure-to-warn cases under Massachusetts law, a plaintiff must produce affirmative evidence to establish the specific standard of care and prescription practices of the actual prescribing physician in order to show the reliance component of causation. *See e.g., Garside v. Osco Drug, Inc.*, 976 F.2d 77, 79-80 (1st Cir. 1992) (examining doctor's affidavit describing his standard of care in prescribing the drug to the injured party); *Linnen v. A.H. Robbins Co., Inc.*, No. 97-2307, 1999 Mass. Super. LEXIS 552, at *11-12 (Mass. Super. Ct. 1999) (focusing on prescribing doctor's investigation into the safety of the drug before prescribing it to the plaintiff).

Here, Dr. Piver's statement relates to the general national standard of care for prescribing DES. His statement does not include any information regarding Dr. Horne's standard of care. Dr. Piver's statement thus is not relevant to the issue of reliance in this case. Moreover, to the extent that Dr. Piver's statement implies that Dr. Horne would necessarily have followed the national standard of care, this implication is based on impermissible speculation. Affidavits submitted in support of summary judgment must be based on personal knowledge. Fed. R. Civ. P. 56(e).

### III. CONCLUSION

Accordingly, Lilly's Motion to Strike [Dkt. # 21] is **GRANTED**; and it is

**FURTHER ORDERED** that Dr. Piver is **STRICKEN** as an expert witness in this case; and it is

**FURTHER ORDERED** that Dr. Piver's statement [Dkt. # 15 App. 6] is **STRICKEN** from the record.

**SO ORDERED.**

Date: April 17, 2007                                  /s/
                                                     ROSEMARY M. COLLYER
                                                     United States District Judge